# Edwards, *et al. v.* Bibb County Board of Commissioners.

## *Certiorari of Stock Law Election.*

(Decided June 30, 1915. 69 South. 449.)

1. *Constitutional Law; Due Process.*—The due process clauses of the State and Federal Constitutions are not intended to interfere with the power of the state to impose by legislative enactment, without more, and subject to judicial approval, such reasonable regulations as may be deemed essential to the general good of the community, although designed to preserve life, liberty and property against the encroachments of mere arbitrary power.

2. *Same; Stock Law District.*—Sections 5881-2, Code 1907, constitute a valid exercise of the police power and are not violative of the due process of law clause of the State and Federal Constitutions.

3. *Animals; Stock Law Election; Regularity; Presumption.*—Proceedings of the board of county commissioners ordering an election to establish a stock law district will not be quashed on certiorari, because the order does not show that it was made at a regular term, where the chairman of the board, the judge of probate, had certified that the proceedings were had at a regular term of such court, and there was nothing to show that the order was made at a special term; the presumption of regularity existing in view of

[Edwards, et al. v. Bibb County Board of Commissioners.]

section 3312, Code 1907, making such court one of original and unlimited jurisdiction in that regard.

4. *Same; Districts; Organization.*—The failure of petitioners to comply with the provisions of section 5881, et seq., Code 1907, as to posting and publishing notices of the election, does not affect the jurisdiction of the court to make the order for the election.

5. *Same; Establishment.*—Where the court of county commissioners counted the votes and canvassed the returns for the establishment of a stock law district in an election held therein, and declared the result by a formal order and judgment of the court which was spread upon its minutes, such was a sufficient certificate of the result of the election.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

R. W. Edwards and others brought certiorari to quash the proceedings of the Bibb County Board of Commissioners in a matter of an election to establish a stock law district in said county. There was judgment dismissing the writ, and petitioner appeals. Affirmed.

LOGAN & LOGAN, for appellant.

LAVENDER & THOMPSON, for appellee.

SAYRE, J.—This is an appeal from the circuit court of Bibb to reverse a judgment dismissing a common-law writ of certiorari by which appellants sought to quash the proceedings of the court of county commissioners in the matter of an election to establish a stock law district. Only two or three points made in the brief for appellants need be specially noted.

The proceedings in the commissioners' court were had under the provisions of chapter 139 of the Code. Section 5881 of the chapter confers upon the courts of county commissioners, or courts of like jurisdiction, in their respective counties, full and complete authority to direct and supervise the holding of elections for establishing stock law districts, and to declare the results of such elections. In relation to such matters

the court possesses original and unlimited jurisdiction, except where otherwise provided by law, to be exercised in conformity with the provisions of the Code. Section 3312. Section 5882 provides that a proceeding to establish a stock law district shall be commenced by filing a petition with the court of county commissioners. There is no prescription of notice of any kind to be given by the court, but the statute requires that upon the filing of the petition the court shall proceed to inquire and ascertain whether or not the petition is signed by a majority of the bona fide freeholders residing in and owning a freehold estate in the precinct to be affected outside of any incorporated city or town. If so, and other provisions of the statute to which we need not refer having been complied with, an election is ordered. Appellants contend that the statute is void for the reason that it authorizes the court to order an election affecting their property rights without due process; that is, without personal notice to them, or some general public monition emanating from the court, by which they will be presumed to have been affected.

(1, 2) In the enactment of this statute the Legislature was exercising the police power of the state, which is universally conceded to include the public peace, order, and convenience, as well as other things of perhaps greater moment. Due process does not in all cases require a resort to a court of justice to assert the rights of the public against the individual, or to impose burdens on his property for the public benefit.—*Davidson v. New Orleans,* 96 U. S. 97, 24 L. Ed. 616. This statute does not condemn the individual in his person or property. It merely regulates his enjoyment of property rights, and it has been established by decisions too numerous to mention that, while the due pro-

[Edwards, et al. v. Bibb County Board of Commissioners.]

cess clauses of the state and federal Constitutions are designed to preserve life, liberty, and property against the encroachments of mere arbitrary power, they do not intend to interfere with the power of the state by legislative enactment, without more, to impose, subject to judicial approval, such reasonable regulations as may be deemed essential to the general good of the community. See annotations to section 6 Const. (Crim. Code) ; 5 Encyc. U. S. S. Ct. Reps. 536, notes. That this statute in its general provision is a valid exercise of the police power is beyond question.—*Dillard v. Webb*, 55 Ala. 468. The Legislature might, therefore, have imposed it upon the entire state at one stroke. It makes no difference in the principle to be observed in passing upon its validity that the Legislature has left the matter to local option and has provided an administrative process by which the will of the community shall be ascertained.—*Dillard v. Webb, supra.* The procedure provided by the statute in its present form is not judicial, but it is legislative and administrative, leaving the question whether the regulation of the statute shall be applied to be determined by a majority of those to be affected. It has the sanction of governmental necessity and long usage, and its validity is not open to serious question.—Brannon's Fourteenth Amendment, 146, 147.

*Windsor v. McVeigh*, 93 U. S. 274, L. Ed. 914, *Betancourt v. Eberlin*, 71 Ala. 461, and other cases of similar character, to which appellants attach some importance, are not at all in point. The proceedings in those cases affected the very substance of property rights, were necessarily judicial in their nature, and involved therefore the necessity for mesne process of some sort to bring into court the parties whose substantial rights were to be litigated.

(3)   Appellants say further that the order for an election was void, for that it was not made at an authorized sitting of the court of county commissioners. The petition for certiorari to the circuit court alleges that the order was made on November 10, 1913. It alleges also that said day was not a day of any regular term, and that the court record of the commissioners' court fails to show affirmatively that a special term was held on that day, or that a special term was directed by the judge of probate, or advertised for 10 days as provided by section 3311 of the Code. "Regular terms of the court are held on the second Mondays in February and August, and the first Mondays of April and November."—Code, § 3310. The copy of the order for an election, transmitted to the circuit court and shown in the transcript here, carries no date upon its face. But the judge of probate certifies to "a copy of the proceedings at the regular term of the commissioners' court on November 10, 1913." The acts of the commissioners' court held at a time or place not authorized by law are void. —*Wightman v. Karsner,* 20 Ala. 446. But it is a court of record.—Code, § 3306. It had jurisdiction of the subject, and by virtue of section 3312, supra, its orders and judgments, within the pale of its jurisdiction, are of the same dignity, finality, and conclusiveness as the judgments and decrees of other courts of record. The commissioners' court may lawfully adjourn a regular term from day to day, or to a future day before the beginning of the next regular term; and acts done at such adjourned day or term are of the same validity as if done on the day of the regular term prescribed by law."—*Lewis v. Intendant,* etc., 7 Ala. 85; *Hays v. Ahlrichs,* 115 Ala. 239, 22 South. 465. The only evidence before us of the day or term at which the order

was made for an election in this case is the certificate of the judge of probate. On this record it cannot be said that the court of county commissioners when the order was made were sitting in special session or at a time or term not authorized by law. Non constat, the court had not adjourned from day to day until the day of the order, or had adjourned the regular term to that day for the disposition of pending business, as it had authority to do.—*Matkin v. Marengo County,* 137 Ala. 155, 34 South. 171. There is nothing to show that the order was made at a special term. There is, then, no apparent sufficient reason for quashing the order and proceedings under which the election was held.—*Wright v. Commissioners' Court,* 180 Ala. 534, 61 South. 918.

Appellant relies on *Commissioners' Court v. Holland,* 177 Ala. 60, 58 South. 270, and the cases therein cited. When the cases cited to *Commissioners' Court v. Holland,* came up for decision, the court of county commissioners was esteemed as an inferior tribunal of a strictly limited jurisdiction in respect of roads and stock law districts, and to its orders and sentences in such matters it was necessary that its records should show affirmatively the facts upon which its authority depended. It was to prevent the frequent miscarriages resulting from this status of the court's jurisdiction that the statute was amended (section 3312, supra), to make it a court of original and unlimited jurisdiction in relation to the establishment of roads and stock law districts. Uniformly it has been held under the statute in its present form that, where the record affirmatively shows that the court acquired jurisdiction of the subject-matter by the filing of a proper petition, as the record by its recital of facts found does show in this case, errors and irregularities intervening in the subsequent

proceedings will not furnish ground for quashing the proceeding on common-law certiorari.—*Benedict v. Commissioners' Court,* 177 Ala. 52, 58 South. 306; *Cook v. Commissioners' Court,* 178 Ala. 394, 59 South. 483; *Stephens v. Commissioners' Court,* 180 Ala. 531, 61 South. 917; *Wright v. Commissioners' Court,* 180 Ala. 534, 61 South. 918. See, also, *Kirby v. Commissioners' Court,* 186 Ala. 611, 65 South. 163. And it will be observed of *Commissioners' Court v. Holland,* that the proceeding under review in that case was had under the local act of December 9, 1887, (Acts 1886-87, p. 739), the effect of which was to confer jurisdiction only upon the filing of a petition by the 10 freeholders after notices had been previously posted as the act required. In other words, section 3312, supra, did not apply, for the reason that it had been otherwise provided by the prior local act.

(4) The statute as it now is provides that it shall be the duty of the persons filing the petition to post and publish notice of the time and place of holding the election and the purpose thereof; but this regulation of subsequent procedure cannot affect the jurisdiction of the court to make the prior order which attaches upon the filing of the petition. If there be default in this regard, that is a matter to be considered on a contest of the result of the election for which the statute makes provisions.

(5) We have referred to errors and irregularities in the procedure of the commisisoners' court. In this case we have found none of any consequence whatever. Counsel say that it does not appear that any certificate of the result of the election was ever made or recorded. The transcript certified to the circuit court shows the petition filed and the date of its filing. It

[State, ex rel. Gunter, et al. v. Thompson, et al.]

also recites and shows that the court proceeded under the statute to "canvass and count the votes cast," and did declare the result—this by a formal order and sentence of the court spread upon its minutes. This certainly amounts to a certificate of the result; a certificate could not be made in more solemn form. If the court omitted to make and file a separate certificate as the statute seems to require, that fact has not been made to appear; and if it had appeared, the default would have been in the performance of a mere ministerial duty, which would have had no effect upon the validity of the formal finding and sentence of the court duly spread upon the minutes. The statute (section 5884) provides that the record so made may be offered in evidence in any court and shall be proof that an election was held and the result thereof declared.

The judgment of the circuit court is affirmed.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.