(75 South. 645)

### DEES v. STATE. (6 Div. 300.)

(Court of Appeals of Alabama. May 15, 1917.)

**1. INTOXICATING LIQUORS ☞198—VIOLATION OF PROHIBITION—COUNTS OF AFFIDAVIT.**

Counts of an affidavit for violation of the prohibition law charging in the alternative the doing of various things contrary to law, complying with the requirements of the statute, are sufficient.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 218.]

**2. INTOXICATING LIQUORS ☞134 — PROHIBITION — PROSECUTION — EVIDENCE AS TO BEVERAGE.**

On a prosecution for violation of the prohibition statute (Acts 1915, p. 31) § 31, providing that the term "prohibited liquors" shall include any device or substitute for any intoxicating liquor, and page 33, § 32½, providing that on a prosecution for having prohibited liquors the state may show defendant's beverage has the same color, odor, and general appearance, or the same taste, color, and general appearance of a prohibited liquor such as beer,. and the fact that it is of the same color, odor, and general appearance or same taste, color, and general appearance as beer, shall constitute prima facie that the beverage is a beer or a substitute or device therefor; evidence showing the beverage to be at least a substitute or device for beer is competent.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 142–144.]

**3. INTOXICATING LIQUORS ☞231 — PROHIBITION STATUTE—"SUBSTITUTE OR DEVICE FOR BEER."**

A liquor that foams like beer, smells, looks, and tastes like it, and is put up in bottles like it, and has a name suggesting it is a "substitute or device" within Acts 1915, p. 31, § 31, providing the term "prohibited liquors" shall include any device or substitute for any intoxicating liquor.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 291.]

**4. CONSTITUTIONAL LAW ☞266, 311 — DUE PROCESS—RULE OF EVIDENCE.**

It being within the Legislature's power to fix the rule of evidence, as does Acts 1915, p. 33, § 32½, making possession of liquor prima facie evidence of guilt of violation of the prohibition statute, it does not deprive defendant of due process of law.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 756, 932.]

**5. CONSTITUTIONAL LAW ☞46(2) — DETERMINATION.**

The court will not search for constitutional objections to a statute, no brief being filed on the question.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 44.]

**6. CRIMINAL LAW ☞1123—APPEAL—RECORD —FINDINGS OF FACT.**

Findings of fact will not be reviewed, the record not containing all the evidence.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

W. W. Dees was convicted, and appeals. Affirmed.

The defendant was tried on an affidavit containing ten counts, charging in various ways violations of the prohibition laws, and was convicted on counts 1 and 5, and from the judgment he appeals. Counts 1 and 5 were as follows:

"First. That there is probable cause for believing, and affiant does believe, that W. W. Dees, whose name is otherwise unknown to affiant, within 12 months before making this affidavit, and subsequent to September 25, 1915, in said county, did manufacture, sell, offer for sale, keep or have in his possession for sale, barter, exchange, give away, furnish at a public place or elsewhere, or otherwise dispose of, prohibited liquor or beverages, contrary to law."

"Fifth. And affiant further says that there is probable cause for believing and affiant does believe, that W. W. Dees, whose name is otherwise unknown to affiant, within 12 months before making this affidavit, and subsequent to September 25, 1915, in said county, did solicit or receive an order for spirituous, vinous, or malt liquor, or other liquors or beverages prohibited by the law of this state to be sold, or offered for sale, or otherwise disposed of in this state, to be shipped into this state, or to be shipped from one point in this state to another point in this state, contrary to law."

The defendant demurred to each of these counts. It was shown by the evidence that the defendant was running a bottling plant in Jefferson county, and that from this place the officers got a quantity of stuff in bottles called "Brother Wiser"; and it was further shown that defendant kept this drink for sale and solicited orders for it, until he was arrested in this case. During the progress of the trial, the state was permitted to prove, over the objection of the defendant, that the contents of the bottles found in the possession of defendant "was like other beer"; that it "foamed like beer," "smelled like beer"; that it smelled like Budweiser and Schlitz; that it was in bottles the same size, color, and shape that Budweiser and Schlitz and other beers were ordinarily sold in; that it had similar tops, etc.; that the only way witness could distinguish between Brother Wiser and Budweiser without a chemical analysis was, Budweiser is a little stronger.

After the state's evidence was all in and the solicitor announced that the state would rest, the defendant stated that, for the purpose of preserving the point as to the invalidity of section 32½ of the prohibition act, he moved to exclude all of the state's evidence.

The defendant then offered evidence to the effect that the contents of the bottles seized was not beer, nor spirituous, vinous, or malt liquor; and that it did not have the same effect, nor did it look like a prohibited liquor. The liquor and bottles were introduced in evidence.

Gaston & Drennen, of Birmingham, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

SAMFORD, J. [1] Counts 1 and 5 complied with the requirements of the statute and correctly charge violations of the prohibition law, and the demurrer to these counts was properly overruled. As no conviction

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

16 ALA.APP.—7

was had on the other counts, it is unnecessary to rule upon them.

[2, 3] The statute (section 32½ of the Fuller Bill, Acts 1909, p. 63; and Acts 1915, p. 33, § 32½) authorizes the proof of similarity of liquors sold, kept for sale, etc., and, if the act by its terms did not so provide, the questions and answers would be competent. How else could it be proven, except by an analysis of the stuff itself. The statute, while aimed primarily at intoxicating liquors, goes further, and says, "or any device or substitute for any of them." Acts 1915, p. 31, § 31. This was intended to prevent the keeping for sale and selling of beverages that looked like prohibited liquors; so that those persons who were trying to avoid and thwart the various laws for the promotion of temperance could not use the imitations as a fence, to hide and cover the sale of the real thing. Therefore a liquor that foams like beer, smells like beer, looks like beer, tastes like beer, and is put up in bottles like beer, and has a name that suggests a very popular and well-advertised beer, is a "substitute or device," within the meaning of the law. Therefore this evidence was competent and properly admitted.

[4, 5] The Legislature was within its rights and had the power to fix the rule of evidence making the possession of the liquor prima facie evidence of guilt, and hence the section does not deprive the defendant of due process of law. 7 Mayf. Dig. 456, subhead; Fitzpatrick v. State, 169 Ala. 5, 53 South. 1021; Bailey v. State, 161 Ala. 75, 49 South. 886. No briefs having been filed on this question, the court will not consider the constitutionality of this section further. Fitzpatrick v. State, supra.

The other exceptions to the court's rulings on the evidence were, if error, without injury to the defendant.

[6] This disposes of all the questions presented by the record except that of defendant's guilt. The court had the witnesses and the beverage before it. This court has not the benefit of all of the evidence; and, in the absence of a part of the evidence, this court will not consider the exceptions to the findings of the lower court on the facts.

There is no error in the record, and the judgment is affirmed.

Affirmed.