(88 South. 355)
### ROBERSON v. STATE.  (8 Div. 794.)

(Court of Appeals of Alabama.  Feb. 15, 1921.)

I. Intoxicating liquors ⊜216 — Indictment charging sale of "prohibited liquors or beverages" held sufficient.

In prosecution for violation of prohibition law, indictment that defendant sold and had in his possession "prohibited liquors or beverages" *held* sufficient, as against contention that the liquors were not alleged to have been alcoholic or malt, or some device or substitute therefor.

2. Intoxicating liquors ⊜236(6½, 11)—Evidence held insufficient to prove sale or possession of liquor.

In prosecution for selling, offering for sale, and having possession of intoxicating liquor, in violation of the prohibition law, evidence *held* insufficient to sustain conviction.

Appeal from Circuit Court, Marshall County; W. W. Harralson, Judge.

Sam Roberson was convicted of violating the prohibition law, and he appealed. Reversed and remanded.

The indictment is as follows, omitting formal charging parts:

Count 1: Sam Roberson sold, offered for sale, kept, or had in possession for sale, bartered, exchanged, gave away, furnished at a public place, or otherwise disposed of prohibited liquors or beverages.

Count 2: Sam Roberson received, had in his possession, or possessed prohibited liquors or beverages since January 25, 1919.

The demurrers raised the point that the liquors were not alleged to have been alcoholic or malt, or some device or substitute therefor.

The evidence tended to show that there

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 17 Ala. App. 413.

was a car in front of the house of the defendant, and that he and several parties were out in front of his house under an oak tree, when the state's witnesses came up in another car; that setting under the oak tree was a one gallon jug containing whisky; and that an invitation was extended to the state's witnesses to have a drink, but the drink was not taken. The defendant testified that he had been called out of his house by the parties in the first car, who desired to inquire the way to a certain place, and that the parties in the car, hearing the other car coming, took the jug from their car and put it under the tree, and afterwards returned it to their car and carried it away; they being afraid that the car approaching, contained officers, who might search and confiscate their car.

John W. Brown, of Albertville, for appellant.

Counsel discuss the errors assigned, and insist that the evidence ought not to sustain a conviction.

J. Q. Smith, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] The rulings of the court on the pleadings were without error. Jones v. State, 17 Ala. App. 444, 85 South. 839; Dees v. State, 16 Ala. App. 97, 75 South. 645.

[2] We have carefully read and considered the evidence in this case in support of defendant's motion for a new trial, and, while there are strong grounds for suspicion, we do not think, when applied to the true rules of law, the evidence is sufficient to sustain a conviction. The court should have granted the motion to set aside the verdict.

For this error the judgment is reversed, and the cause is remanded.

Reversed and remanded.