(90 South. 137)

### RICKETTS v. STATE.  (8 Div. 817.)

(Court of Appeals of Alabama.  April 12, 1921.
Rehearing Denied May 31, 1921.)

**1. Intoxicating liquors ⌐132—National Prohibition Law did not annul state law wherever it did not coincide with federal statute.**

The National Prohibition Law did not have the effect of annulling the state law wherever state law did not coincide with the federal statute.

**2. Intoxicating liquors ⌐134—Substitutes for beer or other alcoholic liquors held prohibited liquors.**

The sale or possession for sale of beverages made in imitation of and intended as a substitute for beer, ale, or other alcoholic, spirituous, vinous, or malt liquors was violative of the prohibition law, regardless of whether they contained alcohol.

**3. Constitutional law ⌐83(1) — Intoxicating liquors ⌐17 — Statute prohibiting sale or possession for sale of prohibited liquors constitutional.**

The statute prohibiting the sale or the possession for the sale of prohibited liquors *held* not unconstitutional, as against contention that it invades the personal liberty of the citizen.

Appeal from Circuit Court, Madison County; O. Kyle, Judge.

Will Ricketts was convicted of violating the prohibition law, and he appeals. Affirmed.

Certiorari denied 206 Ala. 701, 90 South. 925.

The complaint charges the offense practically as set out in the opinion. The demurrers and pleadings raised the question that it is not shown that said offense was committed on or prior to January 17, 1920, and it is not averred that said offense was committed prior to the time when the Eighteenth Amendment became operative, nor prior to the time when the Volstead Act, or Prohibition Enforcement Act No. 66 became effective. 41 Stat. 305. Also it is not averred that the beverages contained any alcohol, but it does appear that the beverages were only and no more than substitutes for the prohibited beverages. Also that the law is unconstitutional and in violation of the Constitutions of the state of Alabama and the United States of America. The further question was raised that the adoption of the Eighteenth Amendement and the Volstead Act repealed the state law in so far as it contravened in any way the federal Constitution or statute.

R. E. Smith, of Huntsville, for appellant.

The act of 1919 was repealed by the Volstead Act and the Eighteenth Amendment. 254 U. S. 88, 41 Sup. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548; 248 U. S. 420, 39 Sup. Ct. 143, 63 L. Ed. 337; 249 U. S. 168, 39 Sup. Ct. 188, 63 L. Ed. 536; 250 U. S. 566, 40 Sup. Ct. 36, 63 L. Ed. 1142; 16 Ala. App. 199, 76 South. 505; (D. C.) 268 Fed. 420. The state surrendered its rights to the federal Congress when it approved the Eighteenth Amendment. 8 Ala. 376; 251 U. S. 264, 40 Sup. Ct. 141, 64 L. Ed. 260.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The affidavit charging that the defendant received or had in his possession for sale and sold prohibited beverages, viz. certain liquid drinks as beverages made in imitation of and intended as a substitute for beer, ale, or other alcoholic, spirituous, vinous, or malt liquors in violation of law, etc.

[1] The complaint was demurred to, and, demurrer being overruled, pleas were filed and demurrers filed to the pleas. The pleadings present three propositions of law:

First: That the National Prohibition Law (41 Stat. 305) had the effect of annulling the state law wherever' the state law did not coincide with the federal statute. This proposition is decided adversely to appellant's contention in State of Rhode Island v. Palmer, 253 U. S. 350, 40 Sup. Ct. 486, 64 L. Ed.

946; Com. v. Nickerson, 236 Mass. 281, 128 N. E. 273, 10 A. L. R. 1568.

[2] Second: It is objected that the beverage sold or possessed for sale did not contain alcohol. This, too, is settled by the statute and Dees v. State, 16 Ala. App. 97, 75 South. 645.

[3] Third: It is further contended that the law under which this prosecution is brought is an unreasonable exercise of the police power so as to be invasive of the various constitutional provisions, both state and federal, preserving the personal liberty of the citizen. The case of Jones v. State, 17 Ala. App. 444, 85 South. 839, expresses the views of this court on that question.

The several rulings of the court on the pleadings were without error.

We find no error in the record, and the judgment is affirmed.

Affirmed.