(93 South. 325)

## UNDERWOOD v. STATE. (4 Div. 777.)

(Court of Appeals of Alabama. June 20, 1922.)

1. Intoxicating liquors ⊂⊃132—State laws not superseded by national law.

State statutes on the subject of prohibition have not been superseded by the Volstead Act.

2. Criminal law ⊂⊃394—Evidence not inadmissible, because obtained by illegal search and seizure.

Evidence was not inadmissible on a criminal trial, because obtained by illegal search and seizure.

3. Criminal law ⊂⊃753(2)—Affirmative charge properly refused, when evidence conflicting.

Where the evidence was in conflict, the affirmative charge, requested by defendant, was properly refused.

4. Criminal law ⊂⊃829(1)—Instruction fairly and substantially covered properly refused.

A requested instruction, which was fairly and substantially covered by the oral charge and by other charges given, was properly refused.

5. Criminal law ⊂⊃814(1)—Instruction for defendant, if jury had reasonable doubt as to whether he or another had possession of appliances, held abstract.

An instruction, on trial for violating prohibition laws, that, if jury had reasonable doubt as to whether defendant or some other person had possession of a pipe and appliances in evidence, defendant would not be guilty, *held* properly refused, as abstract.

6. Criminal law ⊂⊃814(1) — Instruction that tearing down courthouses was not a question held abstract.

On trial for violating prohibition laws, instruction that tearing down courthouses was not a question in the case, and that the only question was one of guilt or innocence, was abstract, and properly refused.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Sam Underwood was convicted of violating the prohibition laws, and he appeals. Affirmed.

The demurrers raise the point that the Volstead Act (41 Stat. 305) had superseded the statutes of the state on the subject of prohibition, and that the indictment did not set forth the kind of liquors or beverages that were purposed to be made upon the still appliance, apparatus, etc.

The exceptions reserved to the evidence were based upon the fact that the same was obtained by illegal search and seizure, etc.

The following charges were refused to the defendant:

(1) Affirmative charge.

(6) "If the jury have a reasonable doubt as to whether or not the defendant, or whether

some other person had possession of the pipe and appliances in evidence, then the defendant would be not guilty."

(13) "Tearing down courthouses is not a question in this case. The only question is one of guilt or innocence."

Mulkey & Mulkey, of Geneva, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. [1] The several rulings of the court on the pleadings were without error. The questions raised by demurrer to the indictment and by the plea in abatement have been expressly decided adversely to the contention of the defendant in the cases of Powell v. State, ante, p. 101, 90 South. 138, and Ricketts v. State, ante, p. 162, 90 South. 137.

[2] The exception reserved to the ruling of the court upon the admission of testimony is without merit. Mary Banks v. State, ante, p. 376, 93 South. 293.

[3] The evidence was in conflict; therefore charge 1, requested by defendant, which was the affirmative charge, was properly refused.

[4-6] Refused charge 6 was covered fairly and substantially by the oral charge and by given charges 2 and 8. However, the charge as written was properly refused, as being abstract. Charge 13 was abstract, and properly refused.

No error is apparent on the record. The judgment of the circuit court is affirmed.

Affirmed.