(93 South. 216)

### GILBERT v. STATE. (4 Div. 712.)

(Court of Appeals of Alabama. June 20, 1922.)

1. Criminal law ⊕═95—Prosecution for violating prohibition law in state court authorized, notwithstanding Volstead Act.

In a prosecution for violating the prohibition law, a plea attacking jurisdiction of the state court on ground that Acts 1919, p. 16, § 15, made the offense a felony, whereas the National Prohibition Act made it only a misdemeanor, was bad on demurrer.

2. Criminal law ⊕═753(1)—Affirmative charge properly denied, where evidence was conflicting.

Where the evidence was conflicting, an affirmative charge was properly refused.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Sam Gilbert was convicted of violating the prohibition law, and he appeals. Affirmed.

The plea referred to in the opinion was an attack on the jurisdiction of the state courts to try for this offense, since the passage of the Volstead Act (41 Stat. 305); the insistence being that the state law (Acts 1919, p. 16, § 15) made it a felony, while the federal law made it only a misdemeanor.

Reid & Doster, of Dothan, for appellant.

The court erred in sustaining demurrers to the defendant's special plea. 16 Ala. App. 199, 76 South. 505; 114 U. S. 525, 5 Sup. Ct. 995, 29 L. Ed. 264.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. [1] The defendant's special plea was no answer to the indictment, and the court properly sustained demurrers thereto. Wesley Powell v. State (Ala. App.) ante, p. 101, 90 South. 138; Ricketts v. State, ante, p. 162, 90 South. 137.

[2] Each ruling of the court upon the testimony, to which exception was reserved, has been examined, and there appears no error in this connection which could injuriously affect the substantial rights of the defendant. The evidence was in conflict, and was therefore a question for the determination of the jury. The affirmative charge, requested by defendant, was properly refused.

No other question is presented for review. The record proper is free from error, and the judgment of the circuit court is affirmed.

Affirmed.