**MARCH v. BOARD OF REVENUE & ROAD COM'RS OF MOBILE COUNTY.**

(1 Div. 309.)

(Supreme Court of Alabama.　June 19, 1924.)

1. Animals ⬤⟜50(2)—Facts to support establishment of stock law district presumed.

In the establishment of a stock law district, the court of county commissioners is a court of general jurisdiction, and, under Code 1907, § 3312, the facts necessary to support its proceedings will be presumed, on certiorari, unless contrary is shown.

2. Animals ⬤⟜50(2)—Petition for stock law election held insufficient.

A petition, not accompanied by a deposit, under Code 1907, § 5882, as amended by Acts 1909, Sp. Sess., p. 124, for a stock law election, filed with the clerk and referred by the court to county attorney, held to have none of the qualifications of a pending petition.

3. Animals ⬤⟜50(2)—Proceedings for stock law election held valid.

Proceedings allowing withdrawal and refiling of petition for a stock law election, under which a stock law was established, held valid.

4. Animals ⬤⟜50(2)—Withdrawal and refiling of petition for stock law election within court's discretion.

It is within court's discretion to permit withdrawal of a petition for a stock law election, and no law prevents petitioners from using same paper as a new petition.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Isadore March petitioned the circuit court for writ of common-law certiorari to the Board of Revenue and Road Commissioners of Mobile County to quash an order calling an election upon the establishment of a stock law district. From a judgment denying the writ, petitioner appeals. Affirmed.

Harry T. Smith & Caffey, of Mobile, for appellant.

A proper petition, purporting to be signed by at least one-fourth of the resident freeholders of the precinct, expressing the desire of the signers for a given stock law election in such precinct, is an absolute jurisdictional prerequisite to the ordering of such election. Almon v. Court of Revenue, 179 Ala. 662, 60 South. 895; McKinney v. Commissioner's Court, 168 Ala. 191, 52 South. 756; Savage v. Wolfe, 69 Ala. 569. And the petition for one election cannot be used for the purpose of calling another. The board's attempt to act upon the petition after more than ninety days from its filing was a nullity. Acts 1919, p. 840; Code 1907, § 5882; Acts 1909, p. 124; Board v. Merrill, 193 Ala. 521, 68 South. 971. The petition could not be withdrawn, except by order of the court, which must appear on its records.

---

Code 1907, § 3306; Mobile County v. Maddox, 195 Ala. 336, 70 South. 259; French v. Neal, 24 Pick. (Mass.) 55; 8 Stand. Ency. Proc. 989; Tidwell v. Witherspoon, 18 Fla. 282.

Stevens, McCorvey, McLeod & Goode, of Mobile, for appellee.

No sufficient security for costs being deposited at the time of original presentation of the petition, the appellee acquired no jurisdiction thereof, and the action of the clerk in marking it filed was a nullity. Code 1907, § 5882; Acts 1909, p. 124; Bowen v. Holcombe, 204 Ala. 549, 87 South. 87; Ex parte Shepherd, 172 Ala. 205, 55 South. 627; Hutto v. Walker Co., 185 Ala. 505, 64 South. 313, Ann. Cas. 1916B, 372; Pearson v. Alverson, 160 Ala. 265, 49 South. 756. Refiling of the petition was the same as if it had never been presented.

BOULDIN, J. [1] In the establishment of stock law district, the court of county commissioners or other governing body of the county is a court of general jurisdiction. The facts necessary to support its proceedings will be presumed, on certiorari, unless affirmatively shown by the record not to exist. Code 1907, § 3312; Browning v. St. Clair County, 195 Ala. 121, 71 South. 108; Edwards v. Bibb County, 193 Ala. 554, 69 South. 449; Goodman v. Winter, 64 Ala. 410, 38 Am. Rep. 13.

[2] Under section 5882, Code of 1907, as amended (Acts 1909, Sp. Sess. p. 124) the proceeding is begun by petition in writing, signed by the required number of qualified petitioners, expressing their desire for an election in their precinct, etc., accompanied by a deposit with the probate judge of sufficient money to pay the expenses of the election. The duty of the board of revenue to entertain jurisdiction does not arise until these things are done. It is manifest their first duty is to see if a petition is thus presented in due form of law.

Looking at the record proper, which includes the petition, the indorsements thereon, and the minutes of the court, it appears a petition in legal form was indorsed:

"Filed with the board of revenue and road commissioners this 12th day of September, 1922, 3:58 p. m. Thos. B. Allman, Clerk."

It does not appear that this petition was presented to the court until the regular meeting held October 2, 1922, at which time the following order was made:

"A petition for the establishment of a stock law in precinct No. 16 was received and referred to the county attorney for investigation and report."

On October 9, 1922, the following order was made:

"The county attorney reported that the petition for the establishment of a stock law in precinct No. 16 was not in form, and that there was nothing before the board."

This was the only and last notice taken of the petition until the law intervened, preventing the holding of a stock law election between November 1, 1922, and July 1, 1923. Acts 1919, p. 840.

Without regard to any question of a deposit to cover the expenses of election, or whether the court had assumed jurisdiction, these proceedings of 1922 died November 1, 1922. The return shows that no deposit was in the hands of the probate judge on September 12th, nor at any time thereafter until November 1, 1922.

That statute makes no provision for having a record of this deposit, but it is clear the court has the duty to ascertain this preliminary fact before assuming jurisdiction of the proceeding.

When the proper petition, accompanied by the deposit, is presented, it is—

"the duty of the court of county commissioners or court of like jurisdiction to file such petition with date of such filing, and to proceed to inquire and ascertain whether or not the petition is signed by one-fourth of the bona fide holders residing in, or owning freehold estates in the precinct, and shall indorse thereon and spread on the minutes of the court such findings, and an order that an election shall be held in such precinct on a day to be named in such order, not less than forty or more than ninety days from the date of the filing."

[3] The filing of the petition is here made the act of the court. The date of such filing is to be shown, and the time for the election is to be determined with reference to this date of filing by the court. It follows that the act of the clerk in making an indorsement of the filing of the petition is not binding on the court, unless approved by its further action. The court determines its own jurisdiction, and clearly may decline to entertain the proceeding unless a proper petition, accompanied by a deposit, is before the court. It may be conceded that on certiorari a deposit will be presumed to support the action of the court in going forward, but it is sure that the court may decline jurisdiction, and should do so if no deposit to cover expenses is made. The action of the court in referring the matter to the county attorney does not show it had taken jurisdiction of the proceeding, but was seeking advice whether the petition should be entertained. The failure to go further shows the court never assumed jurisdiction of the petition as filed September 12, 1922. If so, the law intervened and avoided all power to order an election to be held after November 1st. The petition thereafter remained a mere writing in the files of

the court, having none of the qualities of a pending petition.

Thereafter the record shows the following proceedings: An indorsement on the petition below the former one, saying:

"Refiled with board of revenue and road commissioners this 1st day of August, 1923, 10:40 a. m. Thomas B. Allman, Clerk."

The following order appears on the minutes of date August 13, 1923:

"A petition for a stock law district in the vicinity of Irvington, precinct No. 16, filed August 1st at 10:40, 1923, and asking for an election in said precinct to determine such district, was received. Commissioner Ward offered the following resolution and moved its adoption. The motion was seconded by Commissioner Prine and put and carried.

"Resolution.

"It appearing to the board of revenue and road commissioners of Mobile county that the petition of the freeholders of precinct No. 16 for a stock law election within said precinct, has been signed by the number of bona fide freeholders residing within said precinct as required by law, be it resolved that the said petition has been signed by a proper number of bona fide freeholders residing within the said precinct as required by law, and be it resolved that an election be held in said precinct No. 16 on the 10th day of October, 1923, to determine whether or not stock shall be permitted to run at large within such precinct."

This same resolution was indorsed on the petition as directed by statute above quoted. The further proceedings show appointment of managers of the election, the certified returns the canvass of same, and declaration of the result, all entered of record in substantial compliance with the statutes.

[4] It was in the discretion of the court to permit the withdrawal of the petition theretofore filed. With such permission, no law prevented the petitioners from using the same paper as a new petition.

The view that these proceedings of 1923 show a purpose to merely extend the pending proceedings of 1922 is untenable. The former proceeding, if jurisdiction was ever assumed, had abated by operation of law. The order of August, 1923, shows on its face that it was action upon a petition filed August 1, 1923. This order indorsed on the petition as refiled was a recognition thereof as a new petition properly before the court.

For the purpose before us, we ignore that portion of the answer setting up matters dehors the record, to the effect that further names were added to the petition before it was refiled.

It is urged that a petition, showing by indorsements thereon that it had been signed about a year before these later proceedings, and presented the previous year, cannot be made to answer as a new petition. The law takes no note of the date when the signers affixed their signatures to the petition. The matter of moment is whether the petition, when presented for action, expresses the present wish of the signers. This inquiry was one of the duties devolving on the court when its action was invoked thereon.

If the petition was so used without the knowledge or consent of the signers, and fraudulently presented as their present petition, their remedy to impeach the proceeding for fraud by prompt action to that end is not questioned. After an election is held, without a repudiation of the genuineness of the petition, would be rather late even for signers of the petition to attack the proceedings. No question is here raised by any of the petitioners.

Indulging the presumptions required by law in support of these proceedings, it will be here held that the court treated the petition of August, 1923, as a new proceeding, that it approved the withdrawal of the paper theretofore filed or deposited in court, and that the court ascertained the petition as refiled expressed the present wish of the signers, or so many of them as the law requires. It follows that the proceedings establishing the stock law district in precinct No. 16, Mobile county, are valid.

The judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.