(107 So. 788)

## STATE v. CAMPBELL. (8 Div. 423.)

(Court of Appeals of Alabama. March 16, 1926.)

**1. Constitutional law &⇒81—"Police power" of state is properly exercised in preserving health, morals, or safety of public.**

Police power of state is properly exercised in preserving health, morals, or safety of public; "police power" being that power which is necessary for the state's preservation, and without which it cannot serve the purpose for which it was formed.

[Ed. Note.—For other definitions, See Words and Phrases, First and Second Series, Police Power.]

**2. Constitutional law &⇒48—Police regulations should not be overturned by courts, unless they are in clear contravention of Constitution.**

Acts of Legislature, enacted as police regulations, should not be overturned by courts, unless they are in clear contravention of Constitution.

**3. Criminal law &⇒5.**

Legislature has clear power to fix penalty for violation of its criminal statutes.

**4. Constitutional law &⇒258—Statute making it offense to drive motor vehicle within 12 months from conviction for driving while intoxicated, or for leaving after accident without stopping, held not violative of due process of law (Code 1923, §§ 3325, 3327; Acts 1911, p. 645, § 28, as amended by Acts 1919, p. 1002).**

Code 1923, § 3327, which with section 3325, was a part of Acts 1911, p. 645, § 28, as amended by Acts 1919, p. 1002, and which makes it offense to drive motor vehicle within 12 months from conviction for driving while intoxicated, or for leaving after an accident without stopping, held not violative of due process of law.

**5. Automobiles &⇒316—Statute making it offense to drive motor vehicle within 12 months from conviction for driving while intoxicated, or for leaving after accident without stopping, held valid police regulation (Code 1923, §§ 3325, 3327; Acts 1911, p. 645, § 28, as amended by Acts 1919, p. 1002).**

Code 1923, § 3327, which with section 3325, was a part of Acts 1911, p. 645, § 28, as amended by Acts 1919, p. 1002, and which makes it offense to drive motor vehicle within 12 months from conviction for driving while intoxicated, or for leaving after an accident without stopping, held valid police regulation.

Appeal from Circuit Court, Madison County; O. Kyle, Judge.

Prosecution by the State against Tom Campbell for operating a motor vehicle within 12 months after being convicted of a violation of the motor vehicle law. From a judgment sustaining a demurrer to the affidavit, the State appeals. Reversed and remanded.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The enforcement of the penalty prescribed in Code 1923, § 3327, is a proper use of the police powers of the state, and does not contravene section 6 of the Constitution. Woods v. State, 73 So. 129, 15 Ala. App. 251; Jones v. State, 85 So. 839, 17 Ala. App. 444; Ex parte Macdonald, 76 Ala. 606; Edwards v. Bibb Co., 69 So. 449, 193 Ala. 554.

R. E. Smith, of Huntsville, for appellee.

Brief of counsel did not reach the Reporter.

RICE, J. In this proceeding the constitutionality vel non of section 3327 of the Code of 1923 is presented to us for our decision. Our consideration is limited to that single question. We have here nothing to do with any question as to the sufficiency of the affidavit and warrant upon which the defendant was arrested. State v. McCarty, 59 So. 543, 5 Ala. App. 212.

Section 3325 of the Code of 1923, which was taken from the same act of the Legislature as the section here under consideration, was tacitly approved as being rightfully enacted within the police power of the state

---

&⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in Goodman v. State, 102 So. 486, 20 Ala. App. 392. It was also held by this court, in Woods v. State, 73 So. 129, 15 Ala. App. 251, that Acts 1911, p. 645, § 28, from which, as amended by Acts 1919, p. 1002, section 3325, Code 1923, was taken, was a simple police regulation. Section 3327 being based upon and fixing punishment for violation of section 3325, comes, we think, within the same classification. It is directed toward the party operating the vehicle causing damage, and does not attempt to confiscate the property.

[1-4] As was said in Jones v. State, 85 So. 839, 17 Ala. App. 444, the police power of the state is that power which is necessary for its preservation, and without which it cannot serve the purpose for which it was formed. This power is properly exercised in preserving the health, morals, or *safety* of the public. As to what means are appropriate or needful for this purpose, the Legislature primarily must determine, and its acts in this regard should not be overturned by the courts, unless in clear contravention of the Constitution. It is clearly within the legislative power to fix the penalty for the violation of its criminal statutes. The whole purpose of section 3327 is to fix a punishment for persons convicted of violating a criminal statute, and not to assume any control of the property or vehicle with or through which the statute is violated.

Section 3327 does not violate the due process of law clause in the Constitution. Its penalties do not attach until a conviction of the violation of its provisions has been had. "Due process of law, in each particular case means such an exertion of the powers of government as the settled maxims of law permit and sanction, and under such safeguards for the protection of individual rights as those maxims prescribe for the class of cases to which the one in question belongs." Ex parte Macdonald, 76 Ala. 606. In Edwards v. Bibb County Board of Commissioners, 69 So. 449, 193 Ala. 554, it was held that:

"While the due process clauses of the state and federal Constitutions are designed to preserve life, liberty, and property against the encroachments of mere arbitrary power, they do not intend to interfere with the power of the state by legislative enactment, without more, to impose, subject to judicial approval, such reasonable regulations as may be deemed essential to the general good of the community."

[5] The protection of the community against the acts of reckless drivers of automobiles is, we think, such a reasonable regulation as is referred to by the court above. It follows, from what we have said, that in our opinion the trial court erred in sustaining the demurrer to the affidavit, upon the ground that section 3327 of the Code of 1923 is unconstitutional and therefore void.

The judgment of the court below **is reversed**, and the cause remanded.

Reversed and remanded.