# Birmingham Railway, Light & Power Company *v.* Willis.

*Action for Personal Injury by Passenger against Carrier.*

1. *Damages; contributory negligence; province of jury.*—Whether a person getting off a slowly moving car is guilty of contributory negligence, or not, is a question for the jury, and not a question of law for the court.

2. *New trial; presumption of correctness of action of lower court.* The action of the lower court in granting, or refusing to grant, a new trial, is *prima facie* correct, and will not be reversed on appeal, unless clearly shown to be erroneous.

APPEAL from Circuit Court of Jefferson.

Tried before Hon. A. A. COLEMAN.

This was an action for damages, brought by the appellee, Sallie Willis, against the appellant, the Birmingham Railway, Light and Power Company, based on alleged negligence of the defendant in operating its car, upon

which the plaintiff was a passenger, whereby she was injured. The case was tried on pleas of the general issue, and contributory negligence by the plaintiff.

No statement of the evidence is necessary for an understanding of the opinion herein. The plaintiff requested the following written charge, which was given; 4. "It is not necessarily and a matter of law, negligence for a passenger to attempt to get off a slowly moving car." The defendant requested the following written charges, which were refused by the court; 3. "If the jury believe from all the evidence that the car was being slowly moved across 26th Street preparatory to being stopped on west side of 26th Street and that the plaintiff undertook to get off the car while it was so moving across that street, then I charge you that the plaintiff was guilty of contributory negligence." 4. "If you believe from all the evidence that the car was being slowly moved across 26th Street preparatory to being stopped on the west side of said 26th Street, and that 26th Street was the plaintiff's destination and further believe that the plaintiff stepped from the car to the ground while it was being moved across 26th Street, I charge you that the plaintiff was guilty of contributory negligence in stepping from the car at that time." There was judgment for the plaintiff, from which the defendant appealed.

WALKER, TILLMAN, CAMPBELL & MORROW, for appellant.

BOWMAN, HARSH & BEDDOW, for appellee.

TYSON, J.—We need only apply what was said with respect to the sufficiency of the first and sixth counts of the complaint in the case of *Armstrong v. Montgomery Street Railway Co.*, 123 Ala. 233, to see that the first count of this complaint as amended was not subject to the demurrer interposed to it.

It is unnecessary to notice assignments of error as to rulings upon the sufficiency of the second count or the pleas interposed to it, since the court charged the jury at the request of the defendant that there could be no recovery upon it.

There was no error committed by the court in giving the 4th charge requested by plaintiff or in refusing the 3rd and 4th charges requested by defendant.

Whether the plaintiff, under the evidence, was guilty of contributory negligence in alighting from the moving car, if the jury believe that she did so alight, was a question for the jury and not one of law for the court.—*B. R. & E. Co. v. James,* 121 Ala. 120; *Watkins v. B. R. & E. Co.,* 120 Ala. 147, and cases there cited.

This disposes of all assignments of error insisted on predicated upon the ruling of the court upon written charges.

The only ground of the motion for a new trial insisted on is that the verdict was contrary to and against the weight of the evidence.

The evidence was directly in conflict on every material issue of fact. The case was one clearly for the determination of the jury. According the judgment of the trial court the *prima facie* presumption of correctness and applying the principle that the judgment overruling the motion will not be reversed unless plainly erroneous, we are unwilling to affirm that the motion should have been granted.

Affirmed.

McClellan, C. J., Simpson and Anderson, J.J., concurring.