# Sherrer *v.* Enterprise Banking Co.

## *Assumpsit.*

(Decided May 20, 1909.  49 South. 779.)

1. *Bills and Notes; Bona Fide Purchaser; Defenses.*—The fact that one of the signers of a note is a surety thereon will not defeat the collection of the note where it is negotiable, and is transferred for value before maturity without notice that such signer was the surety.

2. *Same; Actions; Pleading; Matter Available Under General Issue.*—There being nothing in the face of the note to indicate the relation between the signers the fact that one of the signers signed it as surety for another signer is not available under the general issue.

3. *Money Had and Received; Pleading; Issue; Proof and Variance; General Issue.*—Where the action was against a bank to recover money paid to the bank for the plaintiff on a sale of real estate belonging to the plaintiff, and the defence was that the bank claimed to have applied the same on a promissory note belonging to the bank, signed by the plaintiff, the bank cannot defeat recovery, under the plea of the general issue, unless the plaintiff directed payment of the note.

4. *Same; Amounts Recoverable.*—Where the action was against the bank for money had and received for the use of the plaintiff and the defense was that the bank had applied the money to the payment of the note signed by the plaintiff, and the plea was the general issue, and the debt was less than the sum in possession of the bank, if the plaintiff directed the payment of the note, she would be entitled to recover the excess over the amount of the debt.

5. *New Trial; Review.*—Unless the evidence plainly and palpably supports the verdict, the action of the trial court in granting a new trial will not be disturbed on appeal.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by G. L. Sherrer against the Enterprise Banking Company on the common counts.  There was judgment for plaintiff, and upon motion the court set aside the judgment, and plaintiff appeals.  Affirmed.

G. L. Sherrer and her sister, Selina D. Alison, were the joint owners of a body of land in Macon county, which they sold to R. W. and Lucinda Hutchins for the sum of $1,600; the transaction being conducted by W.

N. Sherrer, husband of the plaintiff. Fifty dollars cash was paid to W. N. Sherrer, and the balance, $1,550, seems to have been collected by the defendant bank on draft attached to the deed sent to the Hutchinses through the bank at their residence, per agreement among the parties. The plaintiff and her sister, Alison, each owned a half interest in the land, and the amount sued for by plaintiff is $800. Plaintiff sought to show that the deed to the Hutchinses was prepared at Notasulga and brought to Enterprise by W. N. Shearrer, who requested one Byrd, a notary public and an officer of the defendant bank, to take the deed to the residence of the plaintiff and sister, and have the deed properly executed, and that in doing so said Byrd was acting as an officer of the state, and not as an officer of the bank; but when the deed was executed it was left with said bank, to be forwarded to the bank at Notasulga, together with a draft for the balance of the purchase money, which was to be collected and deposited to the credit of the plaintiff and her sister. It is not disputed that the defendant bank collected the money and has not accounted to plaintiff for her part of it. The defendant bank sought to show that W. N. Sherrer, together with the plaintiff and Selina Adison, executed a note and mortgage to one Ramsey for the sum of $1,600. The note was negotiable, and soon after its execution Ramsey transferred the same to the bank, under the following circumstances: W. N. Sherrer applied to the bank to take up the mortgage, which the bank agreed to do and placed to Sherrer's credit a certain amount of money which was paid out on check of W. N. Sherrer to Ramsey, and the mortgage and note transferred to the bank. It is not contended that plaintiff had any part in this transaction. Subsequent to the transfer of the mortgage by Ramsey, the bank made certain advances in money

to W. N. **Shearer** without plaintiff's assent or concurrence. These advances amounted to $306.50. In addition to this, W. N. Sherrer purchased a house and lot in Enterprise for $1,700, and executed a mortgage to the bank in the sum of $1,925 to pay for such house and lot; the house and lot, together with some personal property, being given for security in the mortgage.

The proof without seeming conflict tended to show that the mortgage executed to Ramsey was given for livery stable outfit purchased by W. N. Shearrer from Ramsey, and the mortgage was executed on plaintiff's land, and that plaintiff and Miss Adison joined in execution of it as sureties for W. N. Sherrer. The defendant contended that it was without notice of the fact that plaintiff was merely a surety thereon, and that by the terms of the mortgage it secured the holder of the mortgage or the assignee thereof, not only for the original debts therein named, but other items of cash advanced to W. N. Sherrer, including the amount paid for the house and lot. Defendant further contended, and sought to show by evidence, that the plaintiff and Miss Adison conveyed their land to the Hutchinses with a view of using the money to pay off the Ramsey note and mortgage, and that, when Byrd took the acknowledgment to the deed to the Hutchinses, he had an understanding and agreement with plaintiff and Miss Adison that the purchase money should be applied upon the Ramsey note and mortgage, and that they, together with W. N. Sherrer, joined in signing a draft upon the Hutchinses for the money to carry out the agreement and understanding. Plaintiff denies that she signed the draft, or that she had any such agreement or understanding. All the transactions above set out were subsequent to the execution and delivery of the Ramsey mortgage. The note was as follows: "Enterprise, Ala., Feb. 6,

1907. By Feb. 1, 1908, we promise to pay to the order of J. F. Ramsey, at First National Bank of Enterprise, Enterprise, Alabama, the sum of $1,600 and 8 per cent interest from date, together with all the costs and expenses of collecting this bond." Then follows agreement to pay attorney's fees, waiver of exemption, etc., signed by W. N. Sherrer, G. L. Sherrer, and Selina D. Adison.

J. F. SANDERS, for appellant.—The first ground of motion was too indefinite to authorize the court to consider the same.—*Cobb v. Malone,* 92 Ala. 630; *Ala. Mid. Ry. Co. v. Brown,* 29 South. 548. The other ground is that the verdict was contrary to the evidence. Counsel then reviews the evidence and insists that it plainly and palpably supports the verdict.—*Rawls & Rawls v. Scott & Son,* 44 South. 386; *Smith v. T. B. & N. Ry. Co.,* 141 Ala. 332. The 3rd ground that the verdict of the jury was contrary to the general charge of the court. The court will indulge the presumption that the verdict was according to the charge of the court.—Authorities, supra.

R. H. ARRINGTON, and M. SOLLIE, for appellee.—No brief came to the Reporter.

ANDERSON, J.—The note secured by the mortgage to J. S. Ramsey was negotiable, and was transferred to the defendant for value and before maturity, and, if the defendant had no notice that the plaintiff was a mere surety for her husband, the fact that she was could not defeat a collection of the note, but which was not, of itself, available to the defendant under the plea of the general issue. It was further shown by the defendant's evidence, however, that the Ramsey note and mortgage was an incumbrance on the identical land sold Hutchins, and that the purchase money, a part being what is

claimed in the suit at bar, was used to discharge this incumbrance and thus clear the title to the land sold Hutchins. The defendant's evidence also showed that the plaintiff directed the payment of this mortgage indebtedness from the proceeds of said sale. If these facts were true, the plaintiff should not have recovered. On the other hand, the plaintiff denied directing the payment of said mortgage, and also introduced some evidence showing that the mortgage debt had been reduced and did not consume all of the purchase money. If she did not direct payment of the debt, the defendant could not defeat her recovery under the general issue; or if she did direct payment, but said debt was less than the proceeds of the sale, she should have recovered her part of the excess.

These were disputed facts, and were questions for the jury. Yet the trial court saw and heard the witnesses, and evidently concluded that the verdict was contrary to the weight of the evidence. Unless the evidence plainly and palpably supports the verdict, the action of the trial court in granting a new trial will not be disturbed by this court.—*Dillard v. Savage*, 98 Ala. 598, 13 South. 514; *Lee v. De Bardeleben Co.*, 102 Ala. 628, 15 South. 270; *Cobb v. Malone*, 92 Ala. 630, 9 South. 738. We are not prepared to say, after a consideration of the evidence, that the verdict was so plainly and palpably supported by the evidence as to put the trial court in error for granting the new trial, and the judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and SAYRE, JJ., concur.