(91 South. 473)

## COOK v. SHEFFIELD CO.   (8 Div. 321.)

(Supreme Court of Alabama.   Oct. 30, 1921.
Rehearing Denied Nov. 17, 1921.)

**1. Negligence ⬤═110—Duty of care must be averred.**

Negligence may be charged in general terms, but facts must be averred to establish a duty owing by the defendant to the plaintiff to do or not to do the thing complained of as the proximate cause of the injury.

**2. Municipal corporations ⬤═816(1) — Count alleging that defendant dug ditch in street without placing light to warn public of danger held sufficient.**

Count alleging that defendant dug ditch in or along its track in public street and negligently left the ditch without placing lights thereon to warn public of danger thereof, and that plaintiff fell in ditch as a proximate result of such negligence, *held* sufficient without allegation that injury occurred during the nighttime at time when such light or warning of danger was necessary.

**3. Appeal and error ⬤═1040(10)—Overruling of demurrer held harmless in view of undisputed proof.**

In action for injuries sustained in falling into ditch dug by defendant in street as a result of defendant's negligent failure to place light at ditch to warn public of the danger, overruling of demurrer grounded on failure of complaint to allege that injury occurred during the nighttime was harmless, where undisputed proof showed that the injury occurred during the night.

**4. Appeal and error ⬤═933(1), 1015(3) — Presumption indulged in favor of action of trial court in granting a new trial.**

The Supreme Court, in reviewing the granting of a motion for a new trial, indulges in the same presumption in favor of the ruling as when the motion is denied, and will not disturb the ruling unless it appears that the great weight of the evidence plainly and palpably supported the verdict.

**5. Appeal and error ⬤═933(4) — Supreme Court can infer that new trial was granted for insufficiency of evidence unless judgment shows ruling based on other ground.**

If motion for new trial contains the ground that verdict was contrary to evidence, and the court, in granting motion, does not specify the ground, the Supreme Court can infer that the ruling was based on such ground, and will presume the ruling to be correct, and will not disturb ruling unless it appears that the great weight of the evidence plainly and palpably supported the verdict, but the court will not indulge such presumption when trial court's judgment negatives the fact that the ruling was based on such ground.

**6. Appeal and error ⬤═933(4)—Granting of new trial not sustained by presumption that verdict was contrary to evidence where ruling was granted on overruling demurrer to complaint.**

Where new trial was granted on the ground that court erred in overruling demurrer to

complaint, the Supreme Court, in reviewing action of trial court in granting a new trial, will not affirm judgment by indulging presumption that the evidence did not support verdict; such presumption being indulged only where appellate court can infer that new trial was granted on the ground that the verdict was contrary to the evidence.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Action by Frank Cook against the Sheffield Company for damages for injuries resulting from falling into a ditch. Judgment for the plaintiff, which on motion was set aside, and plaintiff appeals. Reversed and remanded.

Count 16, referred to in the opinion, is as follows:

(16) The plaintiff claims of the defendant the sum of $30,000 damages, in this: That the defendant through or by its agents dug a ditch in or along its track on Court street at the intersection of Tombigbee street in the city of Florence, Ala., and did negligently leave said ditch without placing lights thereon or therearound to give warning to the public of the danger of said ditch, and as a proximate result of such negligence caused the plaintiff to fall into said ditch upon the tracks of defendant under its cars on the 31st day of January, 1919, whereby the plaintiff was seriously injured and bruised, his body being seriously mangled, one foot being so crushed as to require amputation, and causing the plaintiff to suffer great bodily pain and mental anguish and to expend large sums of money for physician and hospital bills, and incapacitating him to earn a living, all of which was the proximate result of the aforesaid negligence of the defendant, to the damage of plaintiff in aforesaid sum for which he sues.

Simpson & Simpson, of Florence, for appellant.

Count 16 stated a good cause of action. 146 Ala. 316, 39 South. 757; 91 Ala. 384, 8 South. 798; 94 Ala. 199, 10 South. 145; 92 Ala. 300, 9 South. 252, 25 Am. St. Rep. 47; 12 Ala. App. 297, 68 South. 562; 117 Ala. 367, 23 South. 231; 114 Ala. 183, 21 South. 954; 1 Ala. App. 354, 56 South. 53; 144 Ala. 363, 39 South. 747, 3 L. R. A. (N. S.) 759, 113 Am. St. Rep. 50; 144 Ala. 192, 40 South. 280. The evidence fully disclosed that the accident happened in the nighttime, and the court fully covered the law for the case, and therefore a failure to allege that it was in the nighttime was error without injury. Rule 45, Sup. Ct.; 200 Ala. 308, 76 South. 75; 73 South. 406; 202 Ala. 599, 81 South. 339, 341; 164 Ind. 111, 72 N. E. 1041; 34 Ind. App. 564, 73 N. E. 268; 37 Ind. App. 573, 77 N. E. 670; Cent. Dig. 4066, 4073, 4098, 4101, 4542. The Supreme Court does not look behind the reasons assigned by the lower court for its ruling on the motion. 4 C. J. 784; 43 Wash. 594, 86 Pac. 951, 11 Ann. Cas. 95; 121 Ala.

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

206 ALA.—40

636, 25 South. 1012; 130 La. 965, 58 South. 831; 66 Fla. 159, 63 South. 703; 64 South. 472.

Andrews & Peach, of Sheffield, for appellee.

All reasonable presumption will be indulged in favor of the action of the primary court. 1 Michie's Dig. 503; 51 South. 608; 170 Ala. 611, 54 South. 509, 37 L. R. A. (N. S.) 588. The court properly granted the motion for a new trial, because count 15 was subject to the demurrers. 171 Ala. 274, 55 South. 185; 6 Ala. App. 666, 60 South. 977; 6 Ala. App. 677, 60 South. 498; 80 South. 798; 12 Ala. 567; 94 Ala. 199, 10 South. 145; 2 Ala. App. 188, 56 South. 63; 149 Ala. 529, 43 South. 33; 182 Ala. 597, 62 South. 18.

ANDERSON, C. J. [1] It is unquestionably the law that, while negligence may be charged in general terms, facts must be averred sufficient to bring the plaintiff within the protection of the negligence charged; that is, must establish a duty owing by the defendant to the plaintiff to do or not to do the thing complained of as the proximate cause of the injury. For instance, if the plaintiff charges a railroad with negligently injuring him while upon its track, the complaint must bring him within the protection of the negligence charged by negativing the fact that he was a trespasser, or, if he sues for injuries received on a train through the negligence of the agents or servants operating same, he must aver that he was a passenger or occupied such a relation as to bring him within the protection of the negligence charged, etc.

[2] We think, however, that count 16 of the complaint sufficiently brings the plaintiff within the protection of the negligence charged, which is leaving open a ditch or excavation in the street of the city without a proper warning signal and into which the plaintiff fell or stepped and was injured, and that his injury was proximately caused by the defendant's failure to place the signal at the place of danger. True, the complaint charges a failure to place a light and which would perhaps be more necessary and effective at night than in the daytime, but this is a question pertaining to the negligence, rather than relationship, and is a matter of proof, and not pleading, as the time when the injury occurred and whether or not it was light or dark goes to the establishment of the charge of a negligent failure to place the light and whether or not said failure was the proximate cause of the injury, as charged in the complaint. The averment of a negligent failure to place the light there carries with it a reasonable necessity for doing so, and, if conditions were such that there was no need for a light, or guards or other signals made the light unnecessary, these facts would re-

fute the necessity for the light and defeat the establishment of proximate negligence as charged in the complaint. In other words, this court cannot hold, as matter of law, that the defendant owed the plaintiff no duty, even in the daytime, to place a light at the place in question. Of course, if the surroundings were such that the light was not necessary, then the plaintiff would fail in his proof of negligence as charged in the complaint, and whether it was light or dark went to the degree of care required and the establishment vel non of the negligence charged. We do not think that the trial court committed reversible error in overruling the defendant's demurrer to this count, and it therefore erred in granting a new trial upon this ground of the motion.

[3] Moreover, if there was a failure to aver that the injury occurred at night and this was not essential to the statement of a cause of action, the undisputed proof showed that it was at night, and the overruling of the demurrer was without injury. Best Park Co. v Rollins, 192 Ala. 534, 68 South. 417, Ann. Cas. 1917D, 929; Jackson v. Vaughn, 204 Ala. 543, 86 South. 469.

[4-6] It is undoubtedly true that we have held that in passing upon the action of the trial court in granting a new trial this court will not confine the inquiry to the sole ground upon which the motion was granted, but will affirm its action, notwithstanding it was not justified under the ground assigned, if it affirmatively appears from the record that it should have been granted upon some other ground included in the motion. It is also well settled that in reviewing the action of a trial court in granting a motion for a new trial this court indulges in the same presumption in favor of the ruling as when the motion is denied, and will not disturb the ruling unless it appears that the great weight of the evidence plainly and palpably supported the verdict that was so set aside. And if the trial court does not specify the ground, and the motion contains the ground that the verdict was contrary to the evidence, this court can infer that the ruling was based on said ground, and will indulge the presumption as above set forth in favor of said judgment, but it is neither sound·nor logical to indulge such a presumption in favor of the trial court when its judgment negatives the fact that the ruling was based upon this ground of the motion.

The case of Choate v. A. G. S. R., 170 Ala. 590, 54 South. 507, is not in conflict with the present holding. There the court held that the trial court erred in granting the new trial upon the ground assigned, but said action was error without injury, because the entire record affirmatively showed that the defendant was entitled to the general charge as to the only count that went to the jury and upon which the plaintiff got a judgment, and

that the verdict was properly set aside, just as we would hold in the present case that the trial court should not be reversed for granting the new trial notwithstanding the erroneous reason given therefor, if the entire record showed that the defendant was entitled to the general charge. Nor can we, as an original proposition, say that the verdict was so contrary to the evidence that the same should have been set aside for the purpose of affirming the trial court in granting a new trial upon another ground. Had the trial court placed its action on this ground or had not placed it on another ground, then we could apply the presumption indulged in its favor in passing upon its action, but, having negatived action upon this ground of the motion, there is no room for the indulgence of the usual presumption when a new trial is granted or refused because the verdict is contrary to the evidence.

The judgment of the circuit court is reversed, the judgment setting aside the original judgment is vacated, the original judgment is reinstated, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.