(100 South. 761)

## ACUFF v. LOWE. (8 Div. 608.)

(Supreme Court of Alabama. June 5, 1924.)

Appeal and error ⬅══979(2)—When grant of new trial because verdict contrary to preponderance of evidence not disturbed.

Action of trial court in granting motion for new trial on ground that verdict is "contrary to the great preponderance of the evidence" will not be disturbed unless evidence plainly and palpably supported verdict.

Appeal from Circuit Court, Madison County; Osceola Kyle, Judge.

Action on promissory note by C. S. Lowe against J. W. Acuff. Judgment granting

plaintiff's motion for a new trial, and the defendant appeals. Affirmed.

Spragins & Speake, of Huntsville, for appellant.

Counsel argue for error in the judgment, but without citing authorities.

R. E. Smith and Robert C. Brickell, both of Huntsville, for appellee.

. Counsel argue the questions raised, but without citing authorities.

ANDERSON, C. J. In this case the verdict was for the defendant, and the trial court, upon motion of the plaintiff, set the same aside the motion among other grounds stated that the verdict was "contrary to the great preponderance of the evidence." The rule as declared in the case of Cobb v. Malone, 92 Ala. 630, 9 South. 738, and often followed, is to the effect that when the .trial judge sees and hears the witnesses and refuses a new trial upon the ground that the verdict is contrary to the great weight or preponderance of the evidence, this court will not disturb the ruling of the trial court unless the evidence plainly and palpably opposed the verdict. On the other hand, when the trial court grants such a motion, its action in doing so will not be disturbed unless the evidence plainly and palpably, that is, the great weight of the evidence, supported the verdict. Sherrer v. Enterprise Banking Co., 160 Ala. 329, 49 South. 779, and cases there cited. We are not prepared to say that the great weight of the evidence in the instant case was so favorable to the verdict as to put the trial court in error for granting the new trial and the judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.