## SHELTON v. RUSSELL & JOHNSON.
### (6 Div. 78.)

(Court of Appeals of Alabama. Oct. 28, 1924.)

Appeal and error ⬅️1015(3)—Granting of motion for new trial not disturbed, unless great weight of evidence supports verdict.

Where verdict was not plainly supported by great weight of evidence, granting of motion for new trial will not be disturbed.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Action on the common counts by W. J. Shelton against Russell & Johnson, a partnership. From a judgment granting defendants' motion for a new trial, plaintiff appeals. Affirmed.

Ward, Nash & Fendley, of Oneonta, for appellant.

Where the evidence is in conflict, a motion to set aside a verdict of the jury for failure to give the affirmative charge should not be granted. Obear-Nester Glass Co. v. Mobile Drug Co., 208 Ala. 618, 95 So. 13; State v. Woodward, 208 Ala. 31, 93 So. 826; U. S. v. Goodloe, 204 Ala. 484, 86 So. 546; Tyson & Arrington v. Thompson, 195 Ala. 230, 70 So. 649; Robinson v. Crotwell, 175 Ala. 194, 57 So. 23; Andrews v. Frierson, 144 Ala. 470, 39 So. 512.

G. W. Darden, of Oneonta, for appellees.

The judgment setting aside the verdict will not be reversed, unless plainly and palpably contrary to the great weight of the evidence. Cook v. Sheffield Co., 206 Ala. 625, 91 So. 473.

FOSTER, J. Appellant (plaintiff in the court below) brought his action to recover of appellees (defendants) $1,000. There was verdict for plaintiff for $400, with interest. The trial court, on motion of defendants, set aside the verdict and granted a new trial. One of the grounds of the motion was that the verdict was contrary to the evidence.

The appellant was engaged in the mercantile business and lost his storehouse and stock of goods by fire. Upon this property he carried fire insurance amounting to $20,600. He employed Messrs. Russell & Johnson, attorneys at law, to make proof of loss, and collect the fire insurance. Nine suits on the policies of fire insurance were brought in the circuit court of Blount county by Attorneys Russell & Johnson. The fire insurance companies paid $20,043 a few days before the causes were to be tried. Plaintiff claimed that he had an agreement with Mr. Russell, of the firm of Russell & Johnson, that they would do all the work for $100. This was denied by Russell, who contended that the agreement was to pay a reasonable attorney's fee. The policies of insurance were in the possession of Russell & Johnson at Oneonta, and they declined to surrender them unless their fee of $1,000 was paid. Appellant claimed that, as the insurance companies would not settle without surrender of the policies, and as Russell & Johnson declined to surrender the same without the payment of their fee, he ordered $1,000 paid them, at the same time suggesting that Mr. Fendley sue Russell & Johnson to recover the excess over $100, and that the payment under these conditions was not a voluntary payment. Russell & Johnson claimed that the $1,000 was paid voluntarily. There was evidence of the reasonable value of the services of Attorneys Russell & Johnson. There was a conflict in the evidence.

In reviewing the action of a trial court in granting a motion for a new trial, this court will not disturb the ruling, unless it appears that the great weight of the evidence palpably and plainly supported the verdict that was so set aside. Cook v. Sheffield Co., 206 Ala. 625, 91 So. 473. We cannot say that the great weight of the evidence in this case supported the verdict of the jury, and under the well-established rule above announced we will not disturb the ruling of the trial court in setting aside the verdict and granting a new trial.

The judgment of the circuit court is affirmed.

Affirmed.