(106 So. 225)

### Ex parte LANDERS.

### LANDERS v. MOORE et al.

### (4 Div. 231.)

(Supreme Court of Alabama. Oct. 15, 1925. Rehearing Denied Nov. 19, 1925.)

1. **Attachment &#9758;328—Testimony showing abandonment of levy not excluded as tending to impeach return.**

The purchaser of property after levy of execution thereon, though in privy with defendant and concluded by sheriff's return, may show by parol that the levy was abandoned and the lien lost before he acquired the property; such testimony not tending to impeach the return.

2. **Execution &#9758;194(3)—Purchaser in privy with defendant not precluded by subsequent judgment and condemnation from showing abandonment of attachment.**

The rendition of a judgment in attachment suit, and condemnation of property attached subsequent to claimant's purchase from defendant, create a presumption that attachment had not been abandoned and lien had not been lost when claimant purchased; but this is not conclusive on him in privy with defendant so as to preclude him from showing that levy was abandoned and lien lost.

3. **Attachment &#9758;184—Law presumes that lien continues.**

The law does not favor abandonment or forfeiture of an attachment, but the presumption is that the lien continues.

4. **Appeal and error &#9758;933(1), 979(2)—Grant of new trial in attachment claim proceedings not disturbed unless against great weight of evidence; same presumption in favor of grant of new trial as refusal.**

Notwithstanding strong evidence that attachment had been abandoned and lien lost, appellate court will not disturb the action of trial court granting a new trial to the attachment plaintiff in claim proceedings as to such issue unless the great weight of evidence supports the finding so set aside; the same presumption being indulged in favor of granting motion that would be indulged in had the motion been overruled.

Certiorari to Court of Appeals.

Claim suit between E. H. Moore and another, plaintiffs in execution, and J. C. Landers, claimant. Judgment granting plaintiffs' motion for new trial was affirmed by the Court of Appeals (106 So. 223), and claimant petitions for certiorari. Writ denied.

Rushton, Crenshaw & Rushton, of Montgomery, and W. H. Stoddard, of Luverne, for petitioner.

To preserve an attachment the officer levying it must retain his control and power of taking immediate possession, and if he fails to do this the attachment will be regarded as abandoned. 6 C. J. 310, 312; 2 R. C. L. 867; 17 R. C. L. 234; Inman, Smith & Co. v. Schloss, 122 Ala. 461, 25 So. 739; Jones Lbr. Co. v. Faris, 6 S. D. 112, 60 N. W. 403, 55 Am. St. Rep. 814. A party, though notified of a previous attachment, may also know that the attachment has been lost. 20 R. C. L. 354; Bagley v. White, 4 Pick. (Mass.) 395, 16 Am. Dec. 353; Shephard v. Butterfield, 4 Cush. (Mass.) 425, 50 Am. Dec. 796. The presumption—raised by the fact that the property had been levied upon, followed by a judgment of condemnation—that the levying officer properly performed his duty and did not abandon the levy may be overcome by evi-

dence of abandonment of the levy. 1 Greenleaf on Evi. § 44; Stephen's Dig. of Evi. 246; Wharton on Evi. 1237; Chamberlayne on Evi. 2491; 10 R. C. L. 868; Newcomb Bros. v. Wiggins, 201 Ala. 551, 78 So. 905; Smith v. Heineman, 118 Ala. 196, 24 So. 364, 72 Am. St. Rep. 150; Paul v. Malone, 87 Ala. 544, 6 So. 351; Smith v. Castellow, 88 Ala. 355, 6 So. 750; L. & N. v. Marbury Lumber Co., 125 Ala. 254, 28 So. 438, 50 L. R. A. 620. The sheriff's return is not conclusive as to any matters in respect to which it is silent. Hensley v. Rose, 76 Ala. 376. The judgment of the court in an attachment case cannot create a lien operating retroactively, so as to cut out intervening rights of others. People's Bank v. West. 67 Miss. 729, 7 So. 513, 8 L. R. A. 727.

Frank B. Bricken, of Luverne, and Powell & Hamilton, of Greenville, opposed.

No steps having been taken to set aside the levy, it cannot be contradicted by parol evidence. 2 R. C. L. 845; Clarke v. Gary, 11 Ala. 102. It is a matter of record and is conclusive. King v. Bucks, 11 Ala. 219. Where the purpose is to defeat rights acquired through the return of the sheriff by invalidating the return, the truth of such return cannot be called into question. Governor v. Bancroft, 16 Ala. 612. An attempt to show abandonment of the levy is an attempt to invalidate the proceedings. Hensley v. Rose, 76 Ala. 375. Between parties to the process, or their privies, the return of the sheriff is conclusive. It cannot be contradicted by parol. Clarke v. Gary, 11 Ala. 102; King v. Bucks, 11 Ala. 219; Governor v. Bancroft, 16 Ala. 612; Hensley v. Rose, 76 Ala. 375; 2 R. C. L. 845; 12 R. C. L. 229. The lien attaches at the time of levy and continues until final judgment. It is superior to assignments made by defendant after levy. Griggs v. Banks, 59 Ala. 316; Bamberger v. Voorhees, 99 Ala. 296, 13 So. 305; Sloan v. Hudson, 119 Ala. 30, 24 So. 458; Scarborough v. Malone, 67 Ala. 573. The lien is not impaired by suing out execution on judgment after it is rendered. Berney National Bank v. Pinckard, 87 Ala. 583, 6 So. 364; Reynolds v. Williams, 152 Ala. 493, 44 So. 406. Execution of the claim bond by claimant estops him from denying that levy was made. Sloan v. Hudson, 119 Ala. 31, 24 So. 458.

ANDERSON, C. J. [1-4] The points and facts are set forth in the opinion of the Court of Appeals. Counsel for appellant concede that having purchased the property after the purported levy the return of the sheriff concludes him as to the facts therein set forth, and that he cannot now question the validity of the levy. He insists, however, that the levy was abandoned and the lien lost before he acquired the property, and as this fact is not set forth in the return it can be shown by parol and does not impeach the said return; and we are inclined to agree as to this contention. In fact, there seems to be nothing to the contrary in the opinion of the Court of Appeals. It is urged, however, that the Court of Appeals has, in effect, held that the subsequent rendition of a judgment in the attachment suit and condemnation of the property created a conclusive rather than a rebuttable presumption that the attachment was not abandoned and the lien had not been lost when the claimant bought the property from the defendant, Piper. We are not inclined to the view that the judgment in the attachment suit, rendered after claimant bought the property, was binding or conclusive on him in privity with Piper so as to preclude him from showing that the levy was abandoned and the lien lost, and we also concede that the case of Roman Trustee v. Lentz, 177 Ala. 64, 58 So. 438, does not support or bear upon the holding. We do not understand the Court of Appeals as holding, however, that there was a conclusive presumption against the abandonment of the levy, as the opinion says that the facts recited were "presumptive evidence that the levy was not abandoned, and this presumption is sufficient to create in the evidence a conflict, in the face of the parol testimony to the contrary." In other words, the real holding seems to be that it was a question of fact as to whether or not the levy had been abandoned and that the holding of the trial court would not be disturbed. "The law does not favor abandonment or forfeiture of an attachment. On the contrary, the presumption is that the lien continues." 3 Standard of Encyc. of Proc. P. 639, and cases cited. We concede that the facts set forth in the opinion of the Court of Appeals in favor of the abandonment of the lien are strong, and we might, as an original proposition, hold that the attachment was abandoned; but, when the trial court grants a new trial, its conclusion should not be disturbed when it sees and hears the witnesses, unless the great weight of the evidence supported the finding so set aside. That is to say, when the trial court grants a new trial, the same presumption must be indulged in favor of granting the motion that would be indulged had the motion been overruled.

Certiorari denied.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.