146 So. 421

### ʼDRUHAN v. MOBILE LIGHT & R. CO.
#### I Div. I00.

Court of Appeals of Alabama.
Feb. 21, 1933.

Inge, Stallworth & Inge, of Mobile, for appellant.

Smith & Johnston, of Mobile, for appellee.

SAMFORD, Judge.

The plaintiff brought action against the defendant claiming damages for personal injuries alleged to have been sustained by him while a passenger on one of defendant's street cars in the city of Mobile by and on account of the negligent operation of said street car by one of defendant's agents or employees. There was judgment for plaintiff. The defendant filed its motion for a new trial on several grounds, one of which was that the verdict of the jury was contrary to the great weight of the evidence. The court granted the motion of defendant, set aside the verdict, and ordered a new trial, and from that judgment this appeal is taken.

Other grounds for the motion were assigned, but as we see it there is no occasion here to set them out, or to discuss them, further than to say that the rulings of the trial court on the legal questions involved were free from error and on another trial of this case, if one is had, will likely be the same.

■ There was sufficient evidence from plaintiff's own testimony, tending to prove the negligence complained of. On the other hand, the defendant's testimony, by several disinterested witnesses, tended to prove a complete defense to the action. Under this state of facts the trial judge was right in refusing the general affirmative charge.

■■ On motion for new trial a different rule applies. It is the duty of the presiding judge to hear and observe the witnesses, and if, in his opinion, the verdict is contrary to the great weight of the evidence and to let the judgment stand would be wrong and unjust, it is his high duty to exercise the power he has and to set the verdict aside. In the case of Hackett v. Cash, 196 Ala. 403, 72 So. 52, 53, Anderson, C. J., has restated the rule which has obtained in this state and supported by a long and unbroken line of authorities to the effect that: "When the evidence is ore tenus, or partly so, and the trial court has the advantage of seeing and hearing the witnesses, this court will not disturb the conclusion unless it is plainly and palpably contrary to the weight of the evidence."

■ This rule still obtains notwithstanding Code 1923, § 6088. As was pointed out in the Hackett v. Cash Case, supra, the Legislature is without constitutional authority to require appellate courts to disregard the finding of the trial court upon facts which said court had a better opportunity to pass upon and consider the evidence than the appellate court. A. G. S. R. R. Co. v. Hamilton, 135 Ala. 343, 33 So. 157; Connors-Weyman Steel Co. v. Harless, 202 Ala. 317, 80 So. 399.

■ The appellate court, in reviewing the granting of a motion for new trial, indulges the same presumption in favor of the ruling as when the motion is denied. Cook v. Sheffield Co., 206 Ala. 625, 91 So. 473; Ex parte Landers, 214 Ala. 20, 106 So. 225; Walker v. St. L.-San Francisco Ry. Co., 214 Ala. 492, 108 So. 388.

For the foregoing reasons the judgment is affirmed.

Affirmed.