173 So. 231

## W. M. TEMPLETON & SON et al. v. DAVID.

### 6 Div. 17.

Supreme Court of Alabama.

March 18, 1937.

Smith, Windham, Jackson & Rives, of Birmingham, for appellants.

Erle Pettus and Erle Pettus, Jr., both of Birmingham, for appellee.

BOULDIN, Justice.

Action for damages for injuries to person and property in a collision between motor vehicles on a public highway.

There was verdict for defendants. On motion of plaintiff, the verdict was set aside and new trial granted. The appeal is from this ruling.

That the verdict was contrary to the evidence or was not supported by the evidence was among the grounds of the motion for new trial.

No specific ground was given by the trial court as the basis of his ruling. In such case his judgment must be sustained on appeal if any good ground is presented.

If no other good ground appears, this court must consider whether it is to be sustained on the ground that the verdict is contrary to the evidence. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Cook v. Sheffield Co., 206 Ala. 625, 91 So. 473; Alabama Great Southern Railway Co. v. Hamilton, 135 Ala. 343, 33 So. 157; Birmingham Railway, Light & Power Co. v. Willis, 143 Ala. 220, 38 So. 1016.

In considering this ground of the motion, the rule stated in Cobb v. Malone, 92 Ala. 630, 9 So. 738, 740, was:

"And decisions granting new trials will not be reversed, unless the evidence plainly and palpably supports the verdict."

This must now be considered the fully established rule under a long line of decisions. Proctor v. Coffey, 227 Ala. 318, 319, 149 So. 838; Ex parte Landers, 214 Ala. 20, 106 So. 225; Goad v. Harris, 207 Ala. 357, 92 So. 546; Acuff v. Lowe, 211 Ala. 394, 100 So. 761; Conner v. Central of Georgia Ry. Co., 221 Ala. 358, 128 So. 789; Cook v. Sheffield Co., 206 Ala. 625, 91 So. 473; Birmingham News Co. v. Lester, 222 Ala. 503, 133 So. 270.

This rule has been several times decided to mean that "the same presumption must be indulged in favor of granting the motion that would be indulged had the motion been overruled." Ex parte Landers, supra; Cook v. Sheffield Co., supra; Conner v. Central of Georgia Ry. Co., 221 Ala. 358, 128 So. 789.

When the motion is denied, the well-known rule is that such ruling will not be reversed unless after indulging all reasonable presumption in favor of the finding of the jury, the verdict is found clearly wrong and unjust. 15 Alabama Digest, New Trial, pp. 392, 393, ☞72.

It may be strongly argued that logically the same presumption should not be in-

dulged on appeal in favor of the action of the trial court overturning a verdict of a jury on issues of fact, as in cases where the verdict is sustained.

The trial court should indulge all reasonable presumptions in favor of the verdict of the jury, and unless on full consideration he is convinced by the great weight of the evidence that the verdict is wrong, it should not be disturbed.

The jury is the law constituted tribunal for the trial of controverted issues of fact. It is not the province of the trial judge to assume the functions of the jury, and set aside its verdict merely because he thinks the verdict should have been different.

So, when reviewing a ruling granting a motion for new trial, it seems logical that the appellate court should have in mind the presumption due the verdict of the jury, as well as the opposing views of the trial court. And if, on careful consideration, the appellate court finds the evidence supporting the verdict quite as strong as that supporting the views of the trial judge, the verdict should be reinstated. But the rule in Cobb v. Malone, supra, construing our statute touching such appeals has so long prevailed, and the statute been several times readopted with such construction, that any change should come by legislation, if at all. It does not appear that great abuses have prevailed under such rule. What is written in criticism of the rule as now established expresses the personal views of the writer only.

We have indulged these reflections in view of the earnest argument of appellant to the effect that the great weight of the evidence did support the verdict of the jury. As for a mere preponderance of the evidence, especially on the issue of contributory negligence, we incline to appellants' view, but that is not enough. We cannot say the great weight of the evidence was clearly and palpably on the side of defendants.

We are by no means sure that the trial judge meant to sustain this ground of the motion; but in the form the ruling comes to us, we must sustain his ruling as if he did so intend.

In view of a new trial, we think it proper to call attention to the misleading tendency of charge No. 8 given for defendants.

Ordinary care, that care exercised by persons of common prudence under like conditions, is clearly the degree of care required by law in the premises.

The fault is that the charge limits negligence to that of the "driver" of the truck in this case.

The truck going north on the Bee Line Highway had stopped at a filling station on the left. As it cut back into the highway, crossing over to the right side of the pavement, plaintiffs' car approached from the south, on the right and to the rear of the truck as it headed north. In trying to pass the truck on its right the collision or side-swipe occurred.

The following rule of the road quite clearly applied to the movement of the truck:

"The driver of a vehicle entering a public highway from a private road or drive shall yield the right of way to all vehicles approaching on such public highway." Code 1928, § 1397 (67), subd. (a).

In this case there were two agents of the defendants on the truck. The evidence discloses that the truck body cut off the view of the driver at the wheel so that he could not conveniently, while moving the truck, keep a proper lookout for vehicles approaching from the right and rear; that the other agent, who alternated in driving the truck on that trip, and who, at the time was seated on the right of the driver, undertook to keep the lookout, and the driver depended upon signals or directions from him in this regard. Both servants or agents, in the circumstances, are to be considered the operators of the truck, much as the engineer and firemen on a locomotive.

The driver, ordinarily understood to mean the man at the wheel, may have been wholly free from negligence, yet defendants be liable if there was negligence on the part of the other man charged with the duty of keeping a lookout, and plaintiff not shown to be guilty of contributory negligence. So charge 8, the giving of which was made one of the grounds of the motion for new trial, was misleading, at best, and should not be given on another trial.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.