25 So.2d 852

LINDSAY PRODUCTS CORPORATION v. ALABAMA SECURITIES CORPORATION.

6 Div. 263.

Supreme Court of Alabama.

April 25, 1946.

Lawrence Dumas, Jr., of Birmingham, for appellant.

Solomon & Berkowitz, of Birmingham, for appellee.

LIVINGSTON, Justice.

The appeal is from an order or judgment of the trial court vacating and setting aside a verdict and judgment for the plaintiff and granting to defendant a new trial in a suit for breach of contract.

That the verdict was contrary to the evidence, and contrary to the great preponderance and weight of the evidence were among the grounds of the motion for a new trial.

Where the trial court's ruling in granting a new trial is based on no specific ground, his judgment must be sustained on appeal if any good ground is presented. W. M. Templeton & Son et al. v. David, 233 Ala. 616, 173 So. 231. And this Court must consider whether it is to be sustained on the ground that the verdict is contrary to the evidence. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Cook v. Sheffield Co., 206 Ala. 625, 91 So. 473; Alabama Great Southern R. Co. v. Hamilton, 135 Ala. 343, 33 So. 157; Birmingham Railway, Light & Power Co. v. Willis, 143 Ala. 220, 38 So. 1016; W. M. Templeton & Son et al. v. David, supra.

In considering this ground of a motion for a new trial it must now be considered the fully established rule, under a long line of our cases, that decisions granting new trials will not be reversed, unless the evidence plainly and palpably supports the verdict set aside. Cobb v. Malone, supra; Proctor v. Coffey, 227 Ala. 318, 319, 149 So. 838; Ex parte Landers, 214 Ala. 20, 106 So. 225; Goad v. Harris, 207 Ala. 357, 92 So. 546. By this is meant that, "the same presumption must be indulged in favor of granting the motion that would be indulged had the motion been overruled." Ex parte Landers, supra; Conner v. Central of Georgia R. Co., 221 Ala. 358, 128 So. 789; W. M. Templeton & Son et al. v. David, supra; 15 Ala.Dig., New Trial ☞72, pp. 392, 393.

In the form the ruling comes to us in the instant case, we must sustain it as if the trial court intended to sustain the ground that the verdict was contrary to the evidence, or to the great weight of the evidence.

After a careful consideration of the evidence, we cannot say that the great weight of the evidence supports the verdict and that the trial court's action in setting it aside was clearly and palpably wrong.

The cause is due to be affirmed, and it is so ordered.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.