35 So.2d 339

MARTIN v. BIRMINGHAM SOUTHERN R. CO.

6 Div. 644.

Supreme Court of Alabama.

May 13, 1948.

Taylor, Higgins, Koenig & Windham, of Birmingham, for appellant.

Benners, Burr, Stokely & McKamy and Robert Greye Tate, all of Birmingham, for appellee.

LIVINGSTON, Justice.

This appeal is from an order or judgment of the trial court vacating and setting aside a verdict and judgment for plaintiff in the court below, and granting to defendant a new trial.

The suit is to recover the damages sustained by plaintiff, appellant here, when an automobile, in which she was riding, collided with defendant's train at a public crossing in the city of Birmingham, Alabama.

Where the trial court's ruling is grounded on no specific ground, his judgment must be sustained on appeal if any good ground is presented. W. M. Templeton & Son et al. v. David, 233 Ala. 616, 173 So. 231; Lindsay Products Corp. v. Alabama Securities Corp., 247 Ala. 662, 25 So.2d 852. And where, as here, the motion for a new trial contained, among others, the ground that the verdict and judgment were contrary to the preponderance and weight of the evidence, we must consider whether it is to be sustained on that ground. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Cook v. Sheffield Co., 206 Ala. 625, 91 So. 473; Alabama Great Southern R. R. Co. v. Hamilton, 135 Ala. 343, 33 So. 157; Birmingham Railway, Light & Power Co. v. Willis, 143 Ala. 220, 38 So. 1016; W. M. Templeton & Son et al. v. David, supra; Lindsay Products Corp. v. Alabama Securities Corp., supra.

Our cases fully establish the rule that in considering this ground of a motion for a new trial, this Court will not reverse the trial court unless the evidence plainly and palpably supports the verdict set aside. Authorities supra.

We have carefully considered the evidence in conference, and can perceive of no good reason to here analyze it. Sec-

584

tion 13, Title 66, Code of 1940. The question of causation of the injuries sustained being fairly debatable, and neither the appellant's nor appellee's theory as to proximate cause being conclusively proved or disproved, this Court under our settled rule will not substitute its own judgment for that of the trier of facts at nisi prius, who heard the witnesses testify and who is charged with the primary duty and responsibility of determining the matter. Bookmiller v. Jones, 216 Ala. 298, 113 So. 32; Whitlow v. Moore, 246 Ala. 472, 21 So.2d 253; Forest Hill Corporation v. Latter & Blum, Inc., 249 Ala. 23, 29 So.2d 298.

Affirmed. ·

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.