62 So.2d 803

### McCLELLAN v. ORANGE CRUSH–GRAPICO BOTTLING CO.

6 Div. 645.

Court of Appeals of Alabama.
Jan. 20, 1953.

J. E. Bains, Oneonta, and Hugh A. Locke, Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville and Robt M. Smith, all of Birmingham, for appellee.

CARR, Presiding Judge.

This is an action for damages for personal injuries resulting from drinking a beverage, bottled and sold by the defendant.

The complaint alleges in part that the bottle of Orange Crush contained "pieces and bits of broken glass unbeknown to the plaintiff and plaintiff swallowed small bits of glass and one large piece of glass struck plaintiff's mouth * * *."

In the court below there was a verdict and judgment in favor of the plaintiff for $1000.

The trial judge granted defendant's motion for a new trial. The plaintiff below predicates this appeal on that judgment.

The motion contains a number of grounds. Among them:

"2. For that said verdict is contrary to the evidence in the case.

"8. For that said verdict is excessive."

The order granting the motion does not set out the ground or grounds on which it was granted. In this state of the record we must affirm the judgment if we conclude that it is authorized on any ground assigned in the motion. W. M. Templeton & Son v. David, 233 Ala. 616, 173 So. 231; Martin v. Birmingham Southern R. Co., 250 Ala. 583, 35 So.2d 339.

The appellate courts are committed to the doctrine that an order granting a motion for a new trial in cases tried by a jury will not be disturbed unless the evidence plainly and palpably supports the verdict. Hall v. Clark, 225 Ala. 87, 142 So. 65.

It has been held that a judgment on such ruling will not be reversed unless the appellate court is convinced that it is clearly wrong. Proctor v. Coffey, 227 Ala. 318, 149 So. 838.

The rule prevails also that on review of the question of instant concern the same presumption must be indulged in favor of the ruling as when the motion for a new trial is denied. Cook v. Sheffield Co., 206 Ala. 625, 91 So. 473; Landers v. Moore, 214 Ala. 20, 106 So. 225.

For obvious reasons we will not discuss the evidence or express our views thereon. Without prejudice to either party litigant, it may be stated that the testimony in appellee's behalf tended to establish that there was no chargeable negligence in the processes of bottling the beverage in question.

In a number of cases, in which damages were awarded for injuries incident to the presence of foreign matters in soft drink beverages, our appellate courts have refused to disturb the judgment. It should be noted, however, that in these cases the courts were confronted with the presumption in favor of the judgment below.

In the case at bar the trial judge saw and heard the witnesses. We are not prepared to say that the evidence so plainly and palpably supports the verdict of the jury that the action of the trial judge in setting it aside should be disturbed.

We will pretermit any discussion of other grounds in the motion. What we have written is decisive of this appeal.

Judgment below is ordered affirmed.

Affirmed.