72 So.2d 730

**KING v. SKINNER.**

I Div. 504.

Supreme Court of Alabama.

May 13, 1954.

Holberg, Tully & Aldridge, Ralph G. Holberg, Jr., Mobile, for appellant.

Johnston, McCall & Johnston, Mobile, for appellee, Skinner.

LIVINGSTON, Chief Justice.

This appeal is by Henry King, one of the defendants in the court below, from an order or judgment of the trial court vacating and setting aside a verdict and judgment in his favor and granting to the plaintiff a new trial as to King.

The suit is to recover the damages sustained by the plaintiff, appellee here, when a truck trailer allegedly driven by the said Henry King injured the appellee at the intersection of public streets in the City of Mobile, Alabama.

Henry L. Skinner, plaintiff below and appellee here, brought suit against Henry King, the appellant, Good Housekeeping Appliance Co., Inc., a corporation, Good Housekeeping Gas Company, Ruby G. Beech, doing business as Mobile Superior Butane Company, and J. C. Beech, as defendants.

The defendants were sued as joint tort-feasors. The complaint contained two counts. Count One was based upon simple negligence, and Count Two upon wanton misconduct.

The jury returned a verdict for $7,500 against the defendants other than the appellant, Henry King. Thereafter, each of the defendants against whom verdict and judgment were rendered filed a motion for a new trial. Plaintiff, appellee, also filed a motion for a new trial as to the defendant, Henry King, the appellant. All of said motions for new trials were granted and the verdicts and judgments were set aside. As stated above, this appeal is from the action of the trial court in granting the motion for new trial as to the defendant, Henry King.

We are not concerned with the question of the propriety of the court's order or judgment setting aside the verdict in favor of plaintiff and against all of the defendants other than the appellant, Henry King. Questions concerning those judgments are not here presented. We also note here that we are not unmindful of the able arguments for both appellant and appellee concerning the question where an employer and employee are sued in tort, the liability charged to the employer resting solely on the negligence or wanton conduct of the employee, a verdict against the employer and in favor of the employee is due to be set aside on proper motion, because it is self-contradictory. See Carter v. Franklin, 234 Ala. 116, 173 So. 861; Sibley v. Odum, 257 Ala. 292, 58 So.2d. 896. A decision of that question in the instant case is not necessary and we lay it to one side.

■■ Where the trial court's ruling is grounded on no specific ground, his judgment must be sustained on appeal if any good ground is presented. Martin v. Birmingham Southern R. Co., 250 Ala. 583, 35 So.2d 339; W. M. Templeton & Son v. David, 233 Ala. 616, 173 So. 231; Lindsay Products Corp. v. Alabama Securities Corp., 247 Ala. 662, 25 So.2d 852. And where, as here, the motion for a new trial contained, among others, the ground that the verdict and judgment were contrary to the preponderance and weight of the evidence, we must consider whether it is to be sustained on that ground. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Cook v. Sheffield Co., 206 Ala. 625, 91 So. 473; Alabama Great Southern R. Co. v. Hamilton, 135 Ala. 343, 33 So. 157; Birmingham Ry., Light & Power Co. v. Willis, 143 Ala. 220, 38 So. 1016; W. M. Templeton & Son v. David, supra; Lindsay Products Corp. v. Alabama Securities Corp., supra; and Martin v. Birmingham Southern R. Co., supra.

■ The foregoing authorities fully establish the rule that in considering this ground for a motion for a new trial this court will not reverse the trial court unless

the evidence plainly and palpably supports the verdict set aside.

Inasmuch as the cause stands for a new trial as to the other defendants in the cause, it is fitting that no discussion of the evidence be had here. We have carefully considered the evidence in conference and can conceive of no good reason to here analyze it under the circumstances. Title 13, Sec. 66, Code of Alabama 1940.

In considering the ground of the motion that the verdict and judgment are contrary to the preponderance and weight of the evidence, this court under our settled rules will not substitute its own judgment for that of the trier of facts at nisi prius who heard the evidence and who is charged with the primary duty and responsibility of determining the matter. Bookmiller v. Jones, 216 Ala. 298, 113 So. 32; Whitlow v. Moore, 246 Ala. 472, 21 So.2d 253; Forest Hill Corp. v. Latter & Blum, Inc., 249 Ala. 23, 29 So.2d 298, and Martin v. Birmingham Southern R. Co., supra.

Affirmed.

SIMPSON, GOODWYN and MERRILL, JJ., concur.