79 So.2d 54

### Walter T. GORDON

v.

### F. Norris GLEASON.

6 Div. 816.

Supreme Court of Alabama.

March 31, 1955.

Sirote, Permutt, Friend & Friedman, Birmingham, for appellant.

Geo. S. Brown, Birmingham, for appellee.

MERRILL, Justice.

The appellee, plaintiff below, is the owner and operator of an insurance agency. His commission on certain policies written was twenty percent of the premiums. He entered into an agreement with the appellant whereby appellant would get fifteen percent, and appellee five percent, of all premiums on the business sent to him by the appellant. The appellant Gordon was the majority stockholder and president of several finance companies operating in Alabama, Georgia, Texas and Missouri.

These corporations finance for their customers the purchasing of automobiles on which these insurance policies were written. The appellee sued for premiums allegedly received by the appellant and not transmitted to the appellee. The appellant defended on the ground that he was not personally liable because in his dealings with the appellee, he was acting as agent

for the various corporations involved. On November 16, 1953, the case was heard by the court sitting without a jury. The main question was whether the appellant was acting as an individual or as the agent of the corporations and as to this, the evidence was in conflict.

On November 24, 1953, the court rendered judgment for the defendant. Appellee duly filed a motion for a new trial and it was duly continued until January 29, 1954, when it was argued and taken under advisement.

Among the grounds assigned for a new trial were that the judgment was contrary to the evidence and contrary to the great weight and preponderance of the evidence. On August 6, 1954, the court granted the motion for a new trial. This appeal is from that order and that action of the court is assigned as error. Our recent case of Morgan County v. Hart, 260 Ala. 418, 71 So.2d 278, 279, is applicable here. The court said:

"Where the trial court's ruling in granting a new trial is based upon no specific ground, the ruling must be sustained on appeal if any good ground is presented. Lindsay Products Corp. v. Alabama Securities Corp., 247 Ala. 662, 25 So.2d 852; W. M. Templeton & Son v. David, 233 Ala. 616, 173 So. 231. No specific ground was designated by the trial court as the basis of his ruling in this instance.

"If no other ground is well taken, this court must consider whether the lower court's ruling can be sustained on the ground that the verdict is contrary to the evidence. W. M. Templeton & Son v. David, supra.

"In considering this ground of the motion, the rule stated in Cobb v. Malone, 92 Ala. 630, 9 So. 738, 740, was:

" 'And decisions granting new trials will not be reversed, *unless the evidence plainly and palpably supports the verdict.*' (Emphasis added.)

"The rule, still controlling in the law of Alabama, means that ' "the same

presumption must be indulged in favor of granting the motion that would be indulged had the motion been overruled." ' Lindsay Products Corp. v. Alabama Securities Corp., supra, (247 Ala. 662, 25 So.2d [852] 853); W. M. Templeton & Son v. David, supra.

"In this case, we must consider the ruling of the trial court as if it had been based upon the ground that the verdict was contrary to the evidence."

A careful reading of the record in this case indicates that there was evidence to sustain the original judgment of the court, but we find ourselves unable to say that the evidence "plainly and palpably" supported the original finding of the court. Wainwright v. Anderton, 218 Ala. 623, 119 So. 861, and cases cited.

Because of the presumption which is accorded the action of the trial court on these questions, Cox v. Martin, 250 Ala. 401, 34 So.2d 463, the judgment is due to be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.