113 So.2d 671

**Wilson T. MULLINAX et al. d/b/a Rickwood Motors**

v.

**Mattie Lee HUFHAM.**

**MULLINAX et al.**

v.

**Donald HUFHAM, Pro Aml.**

**MULLINAX et al.**

v.

**Francis B. HUFHAM.**

**6 Div. 195, 196, 197.**

Supreme Court of Alabama.

July 2, 1959.

**436**

count in each case. By consent, the cases were consolidated and tried together on substantially the same evidence. Plaintiffs are husband, wife, and a minor child suing separately for loss of services, damage to husband's automobile, and personal injuries to wife and child, all arising out of a collision of the automobile, driven by the wife, with a motor vehicle alleged to have been negligently operated or controlled by defendants. There was a jury verdict and judgment for defendants in each case.

The plaintiffs filed a motion for new trial which was granted in each case. From the judgments granting the motion defendants have appealed and have assigned those judgments as error.

The trial court did not specify the ground or grounds on which the motion for new trial was granted. Among others, the motion contained severally the grounds that the verdict is not sustained by the great preponderance of the evidence and that the verdict is contrary to the facts in the case.

■ In W. M. Templeton & Son v. David, 233 Ala. 616, 173 So. 231, 232, which was an action for damages for injuries to person and property in a motor vehicle collision on a highway, there was verdict for defendant, and from judgment granting plaintiffs' motion for new trial defendant appealed. In affirming the judgment granting the motion, this court said:

"No specific ground was given by the trial court as the basis of his ruling. In such case his judgment must be sustained on appeal if any good ground is presented.

"If no other good ground appears, this court must consider whether it is to be sustained on the ground that the verdict is contrary to the evidence. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Cook v. Sheffield Co., 206 Ala. 625, 91 So. 473; Alabama Great Southern R. Co. v. Hamilton, 135 Ala. 343, 33 So. 157; Birmingham Railway,

W. B. Fernambucq, Huie, Fernambucq & Stewart, Birmingham, for appellant.

Beddow, Gwin & Embry, Birmingham, for appellees.

COLEMAN, Justice.

This is an appeal in three cases which were submitted to the jury on a single

Light & Power Co. v. Willis, 143 Ala. 220, 38 So. 1016.

"In considering this ground of the motion, the rule stated in Cobb v. Malone, 92 Ala. 630, 9 So. 738, 740, was:

"'And decisions granting new trials will not be reversed, unless the evidence plainly and palpably supports the verdict.'

"This must now be considered the fully established rule under a long line of decisions. Proctor v. Coffey, 227 Ala. 318, 319, 149 So. 838; Ex parte Landers, 214 Ala. 20, 106 So. 225; Goad v. Harris, 207 Ala. 357, 92 So. 546; Acuff v. Lowe, 211 Ala. 394, 100 So. 761; Conner v. Central of Georgia Ry. Co., 221 Ala. 358, 128 So. 789; Cook v. Sheffield Co., 206 Ala. 625, 91 So. 473; Birmingham News Co. v. Lester, 222 Ala. 503, 133 So. 270.

"This rule has been several times decided to mean that 'the same presumption must be indulged in favor of granting the motion that would be indulged had the motion been overruled.' Ex parte Landers, supra; Cook v. Sheffield Co., supra; Conner v. Central of Georgia Ry. Co., 221 Ala. 358, 128 So. 789.

"When the motion is denied, the well-known rule is that such ruling will not be reversed unless after indulging all reasonable presumption in favor of the finding of the jury, the verdict is found clearly wrong and unjust. 15 Alabama Digest, New Trial, ☞72, pp. 392, 393.

\* \* \* \* \*

"\* \* \* We cannot say the great weight of the evidence was clearly and palpably on the side of defendants.

"We are by no means sure that the trial judge meant to sustain this ground of the motion; but in the form the ruling comes to us, we must sustain his ruling as if he did so intend." 233 Ala. 616, 617, 618, 173 So. 231.

See also Webb v. Gay, 241 Ala. 336, 2 So.2d 775; Lindsay Products Corp. v. Alabama Securities Corp., 247 Ala. 662, 25 So.2d 852; Cox v. Martin, 250 Ala. 401, 34 So. 2d 463; Martin v. Birmingham Southern R. Co., 250 Ala. 583, 35 So.2d 339; Ford v. Sellers, 257 Ala. 404, 59 So.2d 799; Morgan County v. Hart, 260 Ala. 418, 71 So.2d 278; King v. Skinner, 261 Ala. 9, 72 So.2d 730; Commercial Standard Ins. Co. v. Berger Inv. Co., 264 Ala. 208, 86 So.2d 282; and Holderfield v. Deen, Ala., 112 So.2d 448, and authorities there cited.

Appellees have not argued in brief to sustain the trial court on the ground that the verdict is contrary to the evidence, nor have appellants insisted to the contrary, but we are not for that reason at liberty to disregard the long established rule of review of judgments which grant new trials.

The evidence has been considered with due care, but for fear its consideration on another trial may be prejudiced thereby, we forego any discussion here. German-American Wholesale Optical Co. v. Rosen, 233 Ala. 105, 106, 170 So. 211; Holderfield v. Deen, supra.

■ The testimony is in direct conflict as to the manner in which the collision occurred. Plaintiffs' account places liability on defendants, but defendants' version exonerates defendants. This court has said:

"In the early case of Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, 740, repeatedly cited and followed, the rule was laid down that upon motion for new trial, based upon the fact that the verdict or judgment was contrary to the evidence, a presumption will be indulged in favor of the action of the trial court when there is a conflict in the evidence. That is, on appeal in such cases, this court will not reverse an order granting a new trial, 'unless the evidence plainly and palpably supports the verdict,' and it will not reverse an order refusing a new trial on

the ground that the evidence is not sufficient to support the verdict, or that the verdict is contrary to the evidence, 'unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust."

Reed v. Thompson, 225 Ala. 381, 382, 143 So. 559; and also:

"* * * The question of causation of the injuries sustained being fairly debatable, and neither the appellant's nor appellee's theory as to proximate cause being conclusively proved or disproved, this Court under our settled rule will not substitute its own judgment for that of the trier of facts at nisi prius, who heard the witnesses testify and who is charged with the primary duty and responsibility of determining the matter. (Citations Omitted.)" Martin v. Birmingham Southern R. Co., supra, 250 Ala. at page 583, 35 So.2d at page 340.

In the case at bar, we cannot say that the evidence so plainly and palpably supported the verdict as to put the trial court in error for granting a new trial on the ground that the verdict is contrary to the evidence.

Because the action of the trial court must be sustained for the reasons already discussed, we forego determination of the sufficiency of Grounds 6 to 11 of the motion which appellants insist did not justify granting the motion. As to those grounds, appellants state in brief:

"The Supreme Court has held repeatedly that where there is improper conduct on the part of counsel, either by way of questioning or by way of argument, that the prompt action of the trial Court in admonishing the jury to not give any attention or consideration to the improper questioning or improper argument, is sufficient to cure any error which was made by the counsel."

In view of appellants' concession, at least arguendo, that the matters complained of in Grounds 6 to 11 of the motion injected error into the proceedings, even if the error was cured, such matters will probably not arise on another trial.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN, and MERRILL, JJ., concur.